OPINION OF THE COURT
Edward J. Greenfield, J.
This is a special proceeding commenced pursuant to Executive Law § 63 (12) and General Business Law § 349 in which petitioner, People of the State of New York, by Robert Abrams, seeks a judgment ordering the respondents, inter alla, to comply with General Business Law § 622-a, to pay restitution to its members for unprovided services pursuant to General Business Law § 624 (3) and to produce an accounting to the petitioner of the names of all of its members, as well as the amount paid by each and the terms of their membership; and enjoining the respondents from engaging in certain fraudulent and deceptive business practices. The petition also seeks a preliminary injunction enjoining the individual respondent from transferring, withdrawing or otherwise disposing of any money in any account in his name in the State of New York.
Respondent 21st Century Leisure Spa International Ltd., doing business as 21st Century Fitness Center and/or 21st Century Nautilus Training Center (21st Century) is a New York corporation which operated a health club (the health club) at 220 East 57th Street, New York, New York. Respondent Anthony Verderame, named herein in his individual capacity as well as the president of 21st Century, is a New York resident who managed and controlled the health club from at least August 1988 until its closing.
21st Century had operated the health club for approximately 10 years in the aforementioned location when on or *940 about September 15, 1990[1] it suddenly ceased operation and closed its doors. 21st Century subsequently filed for bankruptcy on October 24, 1990 pursuant to chapter 7 of the Bankruptcy Code (11 USC) in the United States Bankruptcy Court for the Southern District of New York (Bankruptcy Case No. 90B13461).
The petitioner now contends that it has received over 200 complaints[2] from consumers regarding 21st Century which allege: that no notice was given prior to the health club’s closing and members were unable to retrieve their belongings from their lockers; that no refunds were issued for unprovided services; and that new members and extensions for existing members were solicited up to and including the week that 21st Century closed. The petitioner maintains that the respondents were aware of 21st Century’s grave financial condition when they solicited new and old members and that this constitutes fraudulent and deceptive acts. The petitioner also maintains that the respondents are liable for restitution and damages because of their failure to post a bond or letter of credit as required by General Business Law § 622-a.
The respondents do not deny any of the petitioner’s allegations, but contend that the former manager of the health club, Metro-Fit Corporation,[3] breached its agreement with 21st Century, mismanaged the health club and left it in severe financial straits. Verderame alleges that he took over the day-to-day control of the health club in August 1988 and infused over $110,000 of his own money in unsecured loans in an attempt to keep it operating. Verderame maintains, however, that 21st Century’s landlord refused to grant the health club an extension on its rent payments and by letter dated August 15, 1990 informed Verderame that a summary eviction proceeding had been commenced against 21st Century. In addition, it is alleged that health club equipment purchased without permission by an unidentified manager remained unpaid for and as a result, its supplier obtained permission to enter *941 the health club and seize the equipment pursuant to an order issued by the Honorable Walter Tolub of the Civil Court. Verderame contends that as a result of all the foregoing, he concluded in September 1990 that the health club had to be shut down for lack of finances.
Verderame argues, however, that he cannot be held personally liable because he did not benefit personally from the alleged fraud. Verderame further argues that his acceptance of new members and the extension of existing memberships within days of the health club’s closing was merely part of the day-to-day operations of 21st Century and was in no way deceptive and misleading, and that General Business Law § 622-a is not applicable to 21st Century.
The Attorney-General commenced this proceeding and simultaneously seeks a preliminary injunction. Four causes of action are set forth, alleging that the respondents entered into health club service contracts without filing the necessary bond pursuant to General Business Law § 622-a, thereby violating Executive Law §63 (12); that the respondents engaged in repeated and persistent illegal conduct and have thereby violated General Business Law § 349, which authorizes the Attorney-General to obtain the restitution of any money or property obtained by such conduct; and that the respondents have engaged in repeated and persistent fraudulent activity in violation of Executive Law § 63 (12).
The Attorney-General seeks a judgment permanently enjoining the respondents from engaging in any further fraudulent or deceptive acts or from entering into any new health club contracts or renewing any existing contracts without first complying with the requirements for the filing of a bond pursuant to General Business Law § 622-a. He also seeks an order directing the respondents to render an accounting of the names and addresses of all its members, the amount each paid, and the expiration of each membership; to allow its members to retrieve their personal belongings; and to pay restitution to members who paid for services not provided. An order is also sought directing each respondent to pay a $2,500 penalty for each violation of General Business Law article 30, pursuant to General Business Law § 629; and to pay ordinary costs and costs of $2,000 pursuant to CPLR 8303 (a) (6). The court notes that no monetary penalties are sought as against 21st Century, which is currently involved in bankruptcy proceedings, but injunctive relief is requested as against said respondent pursuant to 11 USC § 362 (b) (4).
*942 In connection with the order to show cause commencing this proceeding, this court issued an order (the TRO) restraining respondent Verderame from transferring, withdrawing or otherwise disposing of any money in any bank account in New York State except for ordinary living expenses.
The respondents’ contention that the provisions of General Business Law § 622-a do not apply to 21st Century is without merit. General Business Law § 622-a requires every health club to file a bond, letter of credit or certificate of deposit (the bond) with the Secretary of State in favor of the people of the State of New York which would be payable if the club goes out of business or is unable to provide the services contracted for. The bond, which has a statutory minimum of $25,000, increases on a sliding scale depending on the duration of the contracts the club offers and the number of locations maintained by the club.
The respondents argue that 21st Century is exempted from the requirements for a bond pursuant to General Business Law § 622-a (8), which provides: "For the purposes of this section, a health club shall be considered to be a new health club subject to the requirements of a bond, letter of credit or certificate of deposit as provided herein, at the time the health club changes ownership, or, in the case of corporate ownership, at the time thirty percent or more of the stock changes or has changed ownership.” The respondents contend that as they cannot be classified as a "new health club” they are not covered by the bonding requirements of General Business Law § 622-a. This court disagrees.
The language of the statute makes it quite clear that its provisions are to apply to "Every health club, except as provided in subdivision ten of this section” (General Business Law § 622-a [1]; emphasis added). Subdivision (10) excludes contracts under $100, for less than three months, or clubs owning five or more acres of property, and clubs run by homeowners, co-ops, or condominiums. Subdivision (8) gives no exemptions, but is designed to close any gaps in consumer protection which might arise when a health club changes hands and a bond is not in effect. It does not, as the respondents maintain, restrict the application of General Business Law § 622-a to new health clubs. It requires a new filing on a substantial change in ownership. A review of the Governor’s Bill Jacket supports this conclusion. Since there is no doubt that 21st Century does not come under any of the exceptions set forth in General Business Law § 622-a (10), this court *943 concludes that 21st Century was in violation of General Business Law § 622-a, and is therefore guilty of a misdemeanor (see, General Business Law § 629 [2]), in not having posted a bond, letter of credit or certificate of deposit.
There is also no dispute that by failing to provide pro rata refunds to its members after closing its doors, 21st Century is in violation of General Business Law § 624 (3). The only issue left before this court then is whether or not the petitioner may obtain restitution and damages from Verderame personally.
The petitioner argues that Verderame should be held personally liable for 21st Century’s alleged repeated and persistent fraudulent acts pursuant to Executive Law § 63 (12).
It is charged that Verderame’s fraudulent and deceptive acts included selling new memberships notwithstanding 21st Century’s lack of compliance with General Business Law § 622-a; signing new members and selling contract extensions to existing members up to and including the week the health club was closed, when he was fully aware that the services could not be provided due to 21st Century’s financial condition, which condition included pending eviction proceedings and fitness equipment that was about to be seized.
Verderame, on the other hand, contends that the new contracts and contract extensions were sold during the ordinary course of 21st Century’s business and were done in an effort to salvage the health club. Verderame makes note of the fact, undisputed by the petitioner, that he personally extended over $100,000 in unsecured loans to 21st Century in an effort to keep it afloat and that every payment made to the corporation was deposited in its corporate account, up to and including a $16.34 New York Telephone commission check in November 1990. Verderame concludes that he lost his business, a great deal of his personal assets and made no attempt to defraud anyone.
Since the purpose of Executive Law § 63 (12) is to afford the consumer protection from deceptive and misleading practices, the definition of fraud in such cases is very broad and includes those acts which can be characterized as dishonest or misleading (see, Matter of Allstate Ins. Co. v Foschio, 93 AD2d 328; Matter of Prudential Adv. v Attorney-General of State of N. Y., 22 AD2d 737; State of New York v Solil Mgt. Corp., 128 Misc 2d 767, affd 114 AD2d 1057, lv denied 67 NY2d 606). Proof of scienter is unnecessary (Matter of Lefkowitz v Bull *944 Inv. Group, 46 AD2d 25, lv denied 35 NY2d 647; State of New York v Solil Mgt. Corp., supra) and, therefore, a showing of intent to defraud is not essential nor required (Matter of Allstate Ins. Co. v Foschio, supra; State of New York v General Motors Corp., 120 Misc 2d 371). The petitioner has therefore made an adequate showing of fraud on the part of all of the respondents.
Further, the respondents’ contention that there was no repeated or persistent conduct is rejected, as all that must be shown by the petitioner is a number of separate and distinct fraudulent or illegal acts which affect more than one individual. (See, State of New York v Wolowitz, 96 AD2d 47; State of New York v Solil Mgt. Corp., supra, at 773.) The Attorney-General has made such a showing both with respect to the respondents’ violation of General Business Law § 622-a and the acceptance of memberships in light of the corporation’s financial condition.
As a result of the foregoing, this court can only conclude that the respondents have violated the provisions of Executive Law § 63 (12) and engaged in repeated fraudulent and deceptive conduct. In addition, and despite Verderame’s protestations, it is clear that he was aware of 21st Century’s noncompliance with General Business Law § 622-a, as he was advised of such by the Attorney-General prior to the health club’s closing, and it is also abundantly clear that he was aware of the corporation’s financial condition and imminent closing when he accepted new and extended memberships. Accordingly, this court holds that Verderame may be held personally liable for the damages sought. (See, Matter of State of New York v Daro Chartours, 72 AD2d 872; see also, La Lumia v Schwartz, 23 AD2d 668.)
Lastly, the court notes that although no monetary relief may be obtained from 21st Century, it is appropriate for the State, in enforcing laws such as consumer protection acts, to exert such power as is necessary to protect its citizens from deceptive consumer practices (see, In re Charter First Mtge., 42 Bankr 380; see also, United States v Wheeling-Pittsburgh Steel Corp., 818 F2d 1077; 11 USC § 362 [b] [4], [5]).
Accordingly, the petition is granted to the extent that the respondents are all enjoined from engaging in any illegal or fraudulent acts and from entering into any new contracts or renewing any existing contracts until they fully comply with General Business Law § 622-a. The respondents are also di *945 rected, within 30 days after service of a copy of this order with notice of entry, to provide the petitioner with the names and addresses of all members of the health club as of September 15, 1990, the expiration date and terms of their memberships and the amount paid by each; and to set a date and inform all members who have yet to obtain their belongings from the health club that they will be allowed to do so on that date. Respondent Verderame is directed to pay restitution to all health club members who paid for services that were not provided and the parties are directed to serve a copy of the order to be settled herein upon the calendar clerk of the court for the purpose of setting a hearing date at which time the amount of damages in the form of restitution will be ascertained. The TRO shall remain in effect and the order to be settled herein shall provide for the continuance of the restraining order until such time as the damages are satisfied. This court declines to impose a penalty (General Business Law § 629) or award costs (CPLR 8303 [a] [6]) against Verderame.

. The respondents maintain that the health club did not close until September 20,1990.

. A great deal of the complaints, as well as affidavits of former members, are annexed to the petitioner’s papers.

. An action by 21st Century has apparently been commenced against Metro-Fit Corporation and its director and officer Thomas E. Orr, seeking to recover $1,250,311 in damages allegedly due, inter alla, to Metro-Fit’s breach of fiduciary duty and breach of agreement in its management of the health club.