OPINION OF THE COURT
 

 Levine, J.
 

 This appeal presents a question of statutory interpretation: whether the Legislature, in enacting the Adolescent Tobacco-Use Prevention Act (the Act) (Public Health Law art 13-F [L 1992, ch 799]), intended to preempt local municipal regulation of tobacco sales and distribution through vending machines in public places. In particular, the question is whether the State statute preempts Local Laws, 1990, No. 67 of the City of New York.
 

 In 1990, the New York City Council enacted Local Law No. 67 (adding Administrative Code of City of NY § 17-177), with the stated purpose of reducing the access of minors to tobacco products through restrictions on distribution of tobacco products in vending machines. The local law prohibits the siting of tobacco product vending machines in public places other than taverns (§ 17-177 [b]), defined as "establishments] where aleo
 
 *648
 
 holic beverages are sold and served for on-site consumption and in which the service of food, if served at all, is incidental to the sale of such beverages” (§ 17-177 [a] [5]). Plaintiffs — a vending machine operator, its trade association, a restaurant and a tavern located in the City of New York — commenced this action to declare invalid and permanently enjoin the enforcement of Local Law No. 67. Plaintiffs contended that Local Law No. 67 was inconsistent with, and therefore was preempted by, then-existing State statutes which regulated the sale and use of tobacco products.
 
 [1]
 

 Supreme Court granted defendants’ cross motion to dismiss plaintiffs’ complaint for failure to state a cause of action. The court determined that Local Law No. 67 was not inconsistent with existing State law, and that the Legislature had not adopted a comprehensive scheme of regulation which either expressly or impliedly preempted the City’s authority to regulate tobacco product vending machines (154 Mise 2d 149).
 

 While plaintiffs’ appeal was pending before the Appellate Division, Governor Cuomo signed into law the Adolescent Tobacco-Use Prevention Act (Public Health Law, art 13-F, §§ 1399-aa through 1399-ff). Like Local Law No. 67, the express purpose of the Act was to restrict the availability of tobacco products, with the particular objective of discouraging tobacco use by adolescents. Section 1399-dd of the Public Health Law (eff Apr. 1, 1993), which concerned the placement of tobacco product vending machines, permitted the siting of such vending machines in more places and with fewer restrictions than did Local Law No. 67.
 
 [2]
 
 Although the Appellate Division agreed that Local Law No. 67 had not been preempted by the State law in existence at the time of Supreme Court’s decision, it unanimously reversed and de
 
 *649
 
 dared Local Law No. 67 invalid. Specifically, the Appellate Division concluded that Local Law No. 67 was preempted by Public Health Law article 13-F because it added additional and inconsistent regulation "in an area where the State Legislature has already evidenced its desire to preempt the field of regulation” (192 AD2d 520, 522). We granted defendants’ motion for leave to appeal and now reverse the order of the Appellate Division and declare Local Law No. 67 valid.
 

 Where the State has preempted an entire field, a local law regulating the same subject matter is inconsistent with the State’s interests if it either (1) prohibits conduct which the State law accepts or at least does not specifically proscribe
 
 (see, New York State Club Assn. v City of New York,
 
 69 NY2d 211, 221,
 
 affd
 
 487 US 1;
 
 Monroe-Livingston Sanitary Landfill v Town of Caledonia,
 
 51 NY2d 679, 683), or (2) imposes restrictions beyond those imposed by the State law
 
 (see, Robin v Incorporated Vil. of Hempstead,
 
 30 NY2d 347, 350-352). Because Local Law No. 67 imposes greater restrictions on the allowable sites for tobacco vending machines than does section 1399-dd of the Public Health Law, and imposes additional distance and signage requirements as well, the dispositive issue is whether the Legislature in enacting Public Health Law article 13-F intended to preempt the field of regulation of tobacco product distribution through vending machines, thereby precluding any further local regulation in this area.
 

 Undisputedly, article 13-F does not express any general preemptive intent. Preemptive intent, however, may be inferred from the nature of the subject matter being regulated and the purpose and scope of the State legislative scheme
 
 (see, Albany Area Bldrs. Assn. v Town of Guilderland,
 
 74 NY2d 372, 377;
 
 Consolidated Edison Co. v Town of Red Hook,
 
 60 NY2d 99, 105). Thus, in
 
 Albany Area Bldrs.,
 
 the detailed provisions of State law explicitly limiting the amount of taxation for highway purposes and the manner of expenditure of such funds constituted a preemptive legislative scheme grounded in the need to safeguard the public fisc without distinction between localities (74 NY2d, at 378-379,
 
 supra).
 
 In
 
 Consolidated Edison,
 
 the legislative declaration accompanying the enactment at issue specifically asserted a need for uniform State control of the regulation of utility siting (60 NY2d, at 105-106,
 
 supra).
 
 In
 
 People v De Jesus
 
 (54 NY2d 465, 468-470), we found the elaborate and detailed regulatory scheme laid out in the Alcoholic Beverage Control Law, in conjunction with the declared goal of the statute (§ 2) to "regulate and
 
 *650
 
 control the manufacture, sale and distribution within the state of alcoholic beverages”, determinative in our conclusion that the State had preempted the regulation of establishments selling alcoholic beverages.
 

 By contrast, in the case of Public Health Law article 13-F, the legislative declaration accompanying the Act does not contain an expression of need for uniform State-wide control of tobacco product vending machines,
 
 [3]
 
 nor is the statutory scheme so broad and detailed in scope as to require a determination that it has precluded all local regulation in the area, particularly where, as here, the local law would only further the State’s policy interests
 
 (see, Jancyn Mfg. Corp. v County of Suffolk,
 
 71 NY2d 91, 97-99).
 

 The inclusion of a specific, limited preemption provision in the Act (L 1992, ch 799 [which added article 13-F to the Public Health Law]) additionally supports our holding that the Act has no implied general preemptive effect. The Act contains a narrow express preemption provision
 
 (see,
 
 L 1992, ch 799, § 6) giving preclusive effect to section 1399-bb of article 13-F, governing the distribution of tobacco products without charge.
 
 [4]
 
 Under generally applicable principles of statutory construction, the inference to be drawn from the Legislature’s having given preclusive effect to one section of article 13-F is a concomitant intention
 
 not
 
 to give preclusive effect to any other section of article 13-F
 
 (see,
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 240;
 
 see also, Thoreson v Penthouse Intl.,
 
 80 NY2d 490, 498-499;
 
 Varela v Investors Ins. Holding Corp.,
 
 81 NY2d 958, 961).
 

 Applying this principle to the case before us, we conclude that the Legislature, in including a limited preemption provision applicable solely to one specified section of article 13-F (i.e., § 1399-bb, governing the free distribution of tobacco products), intended not to preempt local regulation of the other
 
 *651
 
 areas covered by article 13-F. Plaintiffs contend that this explicit preemption provision was included in the Act in order to limit the preemptive effect of article 13-F in this one area to future legislation, while still giving general preemptive effect to the remainder of article 13-F. We find this argument unpersuasive. Had the Legislature intended that the remainder of article 13-F have a general preemptive effect, it could have so stated. The absence of either an express general preemption provision or an expressed preemption directed to article 13-F’s regulation of tobacco product vending machines is particularly significant since the State statute was enacted after the enactment of Local Law No. 67
 
 (see, Jancyn Mfg. Corp. v County of Suffolk,
 
 71 NY2d 91, 99,
 
 supra).
 

 Indeed, although reliance on the legislative history of the Act is not necessary, its legislative history supports our conclusion with particular respect to the regulation of tobacco product vending machines. Although the Legislature considered various versions of the bill exhibiting a wide spectrum of proposals concerning the preemptive effect to be given to article 13-F, none of those proposals gave preemptive effect to its vending machine provisions. Moreover, the Joint Sponsors’ Memorandum in support of the final version explicitly interpreted the Act to "permit[ ] localities to adopt additional provision[s] which comply with at least the minimum requirements of the vending machine provisions of this act” (Joint Sponsors’ Mem, Bill Jacket, L 1992, ch 799). A letter from the General Counsel of the Department of Health to the Governor’s Counsel, supporting the final version of the bill, similarly interpreted the proposed legislation (Letter of Dept of Health General Counsel Peter Millock, Aug. 3, 1992,
 
 op. cit.).
 
 While not, of course, determinative, "a contemporaneous interpretation of a statute is entitled to considerable weight in discerning legislative intent”
 
 (Matter of Knight-Ridder Broadcasting v Greenberg,
 
 70 NY2d 151, 158).
 

 We thus conclude that article 13-F of the Public Health Law has not preempted the entire field of regulation of vending machine distribution of tobacco products. The argument that Local Law No. 67 is invalid because it prohibits that which the State statute would allow is therefore without merit, as this general principle applies only where the Legislature has shown its intent to preempt the field
 
 (see, New York State Club Assn. v City of New York,
 
 69 NY2d 211, 221,
 
 supra).
 

 Accordingly, the order of the Appellate Division should be
 
 *652
 
 reversed, with costs, and judgment granted declaring valid Local Laws, 1990, No. 67 of the City of New York.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order reversed, etc.
 

 [1]
 

 . Plaintiffs cited section 480-a of the Tax Law, which requires dealers and vending machine operators to register with the State Department of Taxation; section 399-e of the General Business Law, which requires the posting of a notice prohibiting sale to minors on all cigarette vending machines; section 260.20 of the Penal Law, which prohibits the sale of tobacco to minors; and article 13-E of the Public Health Law, which regulates indoor smoking in buildings open to the public.
 

 [2]
 

 . Public Health Law § 1399-dd permits the location of cigarette vending machines "(a) in a bar * * * or the bar area of a food service establishment with a valid, on-premises full liquor license; (b) in a private club; (c) in a tobacco business * * *; or (d) in a place of employment which has an insignificant portion of its regular workforce comprised of people under the age of eighteen years and only in such locations that are not accessible to the general public”.
 

 [3]
 

 . Chapter 799, § 1 of the Laws of 1992 states that "it is the purpose of this act to restrict the distribution of tobacco products for purposes of encouraging the use or sale of such products, to restrict the dispensing of tobacco products in vending machines, and to take other related actions in order to protect the health, welfare and safety of the people, especially adolescents”.
 

 [4]
 

 . Chapter 799, § 6 of the Laws of 1992 provides: "[t]he provisions of section 1399-bb of article 13-F of the public health law * * * shall govern and take precedence over the provisions of any local law, ordinance, rule, regulation, resolution, charter or administrative code hereafter enacted by any political subdivision of the state.”