Vincent J. Messina, Jr., Esq. Informal Opinion Town Attorney No. 97-3 Town of Islip Town Hall Islip, N Y 11751
Dear Mr. Messina:
You have asked whether the Town of Islip may enact a local law dealing with the abatement of nuisances or whether the proposed law is preempted by the county's nuisance abatement law.
Clearly, local governments, including towns, are authorized through their broad grant of local police power to enact local laws dealing with the abatement of nuisances. N Y Const, Art IX, § 2(c)(10); Municipal Home Rule Law § 10(1)(ii)(a)(12). This constitutional and statutory grant of power authorizes local governments, consistent with the Constitution and general State laws, to enact local laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein. See, New York State Club Assn., Inc. v. Cityof New York, 69 N.Y.2d 211 (1987); People v. Cook, 34 N.Y.2d 100, 105
(1974).
There are two basic restrictions on the exercise of home rule power by a local government. A local law may not be inconsistent with the Constitution or a general State law. Second, a municipality may not exercise its police power in an area that has been preempted by State law. New York State Club Assn., supra, at 217. An intent to preempt may be found either by inference from a declaration of State policy by the Legislature or from the enactment of a comprehensive and detailed regulatory scheme in a particular area. Incorporated Village of Nyack v.Daytop Village, Inc., 78 N.Y.2d 500 (1981). Where the State Legislature has preempted an entire field, a local law regulating the same subject matter is inconsistent with the State's interests if it either (1) prohibits conduct which the State law accepts or at least does not specifically proscribe; or (2) imposes restrictions beyond those imposed by State law. Vatore v. Consumer Affairs, 83 N.Y.2d 645, 649 (1994).
State law has not preempted town local laws regulating nuisances nor is there a general State law on nuisances requiring that town local laws regulating nuisances be consistent with its provisions. Compare, e.g., Town Law § 130 establishing authority and a procedure for removal and repair of unsafe buildings with Municipal Home Rule Law §10(1)(ii)(d)(3), which permits a town to supersede that provision and other provisions of the Town Law falling within the scope of a town's home rule powers. Thus, State law does not prohibit or restrict enactment of a local law by a town to abate nuisances.
Your inquiry is whether a town nuisance abatement law would be preempted by the county's nuisance abatement law. While you have forwarded to us the proposed nuisance abatement law, our policy is to refrain from reviewing proposed local enactments. Interpretation of local laws is appropriately the responsibility of local officials who are familiar with local conditions and local legislative intent.
Significantly, in a supplemental letter, you indicated
that the town has not transferred the function of nuisance abatement to the county. County charters may include provisions transferring the functions of the county or of cities, towns, villages, districts or other units of government within the county "to each other". N Y Const, ArtIX, § 1(h)(1). A transfer of functions is subject to specific referendum requirements. Id.A transfer of a function, for example, from towns and villages to the county will withdraw the authority of towns and villages to carry out that function. Once the transfer is legally completed, the exercise of the function by a town or village will terminate, reflecting the loss of local authority. 1988 Op Atty Gen (Inf) 59.
The transfer of functions provision is an extraordinary constitutional grant of authority whereby local governments can, for example, avoid duplication of effort or take advantage of economies of scale. Practically, the effect of a transfer is to bar the transferor from exercising that function unless the county charter is amended by referendum to return authority to the affected local government.
Accompanying the transfer of functions provision is a non-impairment provision which states that:
 Except in the case of a transfer of functions under an alternative form of county government, a local government shall not have power to adopt local laws which impair the powers of any other local government.
N Y Const Art IX § 2(d); Municipal Home Rule Law § 10(5). It seems clear that since counties, cities, towns and villages have numerousparalleland equalgrants of authority (Municipal Home Rule Law § 10), the non-impairment clause was intended to preserve the right of the legislative body at any level of local government to enact local legislation to meet uniquely local needs and conditions. The non-impairment clause prevents a county or other local government, except through a transfer of functions, from preempting another local government in the county from exercising its grant of home rule powers.
 The power to enact nuisance abatement local laws, based on the grant of police power to local governments (Municipal Home Rule Law, § 10[1][ii][a][12]), is one such parallel and equal grant of authority. Thus, the county's nuisance abatement law, in the absence of a transfer of that function from the town to the county level, does not preempt the passage by the town of a local law providing for nuisance abatement.
 In granting to towns, villages, cities and counties parallel and equal authority to regulate in certain areas, the Constitution has set up a system of home rule whereby members of each class of local governments can establish regulations within their borders. This is the essence of home rule under Article IX of the State Constitution.
 We conclude that a county local law regulating nuisances does not preempt the enactment of a nuisance abatement law by a town within the county, provided that the function has not been transferred by the town to the county level under the provisions of a county charter. In the absence of a transfer of the nuisance abatement function under the provisions of the county charter from the Town of Islip to the county, the town's authority to enact a local law abating nuisances has been preserved.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions