John J. Carmody, Esq. Informal Opinion Deputy County Attorney No. 98-3 County of Putnam 40 Gleneida Avenue Carmel, New York 10512
Dear Mr. Carmody:
You have informed us that the Putnam County Legislature has proposed a resolution to require written disclosure of political contributions by all vendors and private businesses that enter contracts to perform county work. The resolution requires disclosure of contributions made to any county political party or candidate, in excess of $100, during the one-year period prior to entering the contract. The vendors and businesses would also be required to disclose the name of the candidate and/or political party to whom they contributed.
You have asked whether the county is preempted by the Election Law from enacting the proposed resolution and whether the disclosure requirement unconstitutionally infringes upon the First Amendment rights of vendors and private businesses. As part of your inquiry, you have transmitted to us for review the proposed resolution.
As a general policy, we do not review the details of proposed local enactments, since these matters are more appropriately reserved for consideration by local officials familiar with local conditions and legislative intent. However, we do advise local governments whether under State law they possess the authority to enact measures dealing with various subjects.
The aim of the county's proposed resolution is stated, in pertinent part, as follows:
 WHEREAS, the question of campaign contributions from vendors and/or private businesses to political parties, as well as to candidates, is currently causing a great deal of mistrust and ethical concerns among the residents of this Nation, State and County; and
 WHEREAS, the good people of Putnam County need to know that their County government is taking all prudent and appropriate precautions against unethical practices and the appearance of unethical practices; and
 . . .
 RESOLVED, that effective immediately, all vendors and private businesses that are contracted to do work for Putnam County must disclose in writing if within the past year they have ever contributed to any political party and/or candidate within our County in an amount of over $100.00, and if so, to what political party and/or to whom.
We note that the county has proposed enactment by resolution. In our view, the proposal constitutes legislation which should be enacted by local law. We presume that Article IX of the Constitution and the Municipal Home Rule Law constitute the authority for enactment of the proposal. See, Collins v. Schenectady, 256 App. Div. 389, 392 (3d Dept 1939), which discusses the appropriate form of enactments for various types of action by local legislative bodies.
We presume that the proposal would be authorized under the home rule provisions of the Constitution and the Municipal Home Rule Law. Local governments, including counties, are authorized to enact local laws which are not inconsistent with the Constitution or any general laws, relating to their property, affairs or government. N Y Const, Art IX, §2(c)(i); Municipal Home Rule Law § 10(1)(i). The proposal would also fall within the authority of counties to enact local laws, consistent with the Constitution and general laws, relating to the government, protection, order, conduct, safety, health and well-being of persons or property within the county. N Y Const, Art IX, § 2(c)(ii)(10); Municipal Home Rule Law § 10(1)(ii)(a)(12). This is the broad grant of police power to counties and other local governments.
While there is authority for the proposal, the power to enact local laws is not unlimited. Local laws must be consistent with the Constitution and general State laws. See, New York State Club Assn., Inc. v. City of NewYork, 69 N.Y.2d 211 (1987), affd, 487 U.S. 1 (1988). Also, the authority to enact local laws is restricted where the New York State Legislature has expressed an intent to preempt local legislation with respect to a particular subject. Albany Area Builders Assn. v. Town of Guilderland,74 N.Y.2d 372 (1989); Consolidated Edison Co. v. Town of Red Hook,60 N.Y.2d 99 (1983); People v. DeJesus, 54 N.Y.2d 465 (1981); WholesaleLaundry Bd. v. City of NY, 17 A.D.2d 327, 330 (1962), affd, 12 N.Y.2d 998
(1963). A legislative intent to preempt local legislation is evident either from a declaration of State policy by the Legislature or from a comprehensive and detailed regulatory scheme covering a particular subject. Id.
In our view, the county's proposal is preempted by State law. Article 14 of the Election Law requires reporting and disclosure of campaign receipts and expenditures and establishes individual contribution limits. The genesis of these requirements was Article 16-A of the prior Election Law, added by Laws of 1974, chapter 604, § 466. Former Article 16-A included a declaration of legislative intent.
 The legislature intends by this law to create a New York state board of elections vested with authority and responsibility for the execution and enforcement of all laws relating to the elective franchise and to further mandate full and complete disclosure of campaign financing and practices, and to maintain citizen confidence in and full participation in the political process of our state to the end that the government of this state be and remain ever responsive to the needs and dictates of its residents in the highest and noblest traditions of a free society.
As part of a recodification of the Election Law, Article 14 succeeded former Article 16-A. L 1976 ch 233. This recodification represented a simplification and clarification of existing law, eliminating obsolete and conflicting provisions. Bill Jacket, L 1976 ch 233, Assembly Memorandum in Support. Substantive changes primarily affected administrative procedures. Id.
The New York State Board of Elections issued an official opinion subsequent to enactment of Article 16-A of the Election Law responding to an inquiry as to whether a local legislative body may enact a local law relating to the regulation of campaign financing and practices. N Y State Bd. Of Elections, 1975 Op No. 7. In finding that such a local law is preempted, the Board stated:
 [T]he transcripts of the legislative debates on the bill enacting Article 16-A, the article's statement of legislative intent, and the differentiation of the article's provisions between those relating to candidates for state offices and those relating to candidates for local offices all lead to the conclusion that the Legislature intended Article 16-A to preempt the entire subject matter area of campaign financing and practices.
In a prior opinion of this office, we also concluded that current Article 14 of the Election Law preempts local legislation.
 It is evident from the comprehensive nature of the Election Law that the State intended to occupy fully the area of campaign contribution limits, leaving no room for additional local regulation. Article 14 provides for detailed reporting and disclosure of campaign receipts and expenditures and establishes individual contribution limits. These limits are designed to apply to elections for party positions and to elections for and nominations for all public offices, including those at the local level. N Y Election Law §§ 14-114, et seq.; 9 NYCRR Part 6200; see, Op Atty Gen (Inf) No. 83-57. Furthermore, these limits are specifically designed to be recalculated quadrennially by the State Board of Elections. Election Law §§ 14-114(1)(c) and 14-114(10)(d). Op Atty Gen (Inf) No. 95-46.
Where there is no preemption, a local law is not inconsistent with a State law because it prohibits that which the State statute allows.Vatore v. Commissioner of Consumer Affairs of City of New York,83 N.Y.2d 645, 651 (1994). A local law establishing regulation that is more stringent or expansive than the State regulation in furtherance of State policy, is consistent with the State law. Id., at 650; Jancyn Mfg.Corp. v. County of Suffolk, 71 N.Y.2d 91 (1987). In contrast, where a subject has been preempted any additional restrictions or regulations would invalidate a local law. Thus, in Robin v. Inc. Village ofHempstead, 30 N.Y.2d 347 (1972), the Court of Appeals found that State law preempted the subject of abortion legislation based upon a legislative declaration giving the Department of Health central and comprehensive responsibility for the development and administration of State policy regarding hospital and related services. Id., at 350. The Court struck down a village law which did not deviate from the State statute's definition of a "justifiable abortional act" but added the requirement that such abortions only be performed in a duly licensed and accredited hospital with adequate equipment and facilities. Similarly inPeople v. DeJesus, 64 N.Y.2d 455 (1981), the Alcoholic Beverage Control Law was found to preempt the regulation of establishments selling alcoholic beverages. Under State law, alcoholic beverages could only be sold at retail for on-premises consumption until 4:00 a.m. The Court of Appeals invalidated a local law prohibiting the patronizing of establishments selling alcoholic beverages after 2:00 a.m. The finding of preemption prevented any additional local regulation, even if in furtherance of the over-all State policy.
The courts have stated that where a State law indicates a purpose to occupy an entire field of regulation, local regulation is preempted regardless of whether the terms conflict with provisions of the State statute or only duplicate them. Ames v. Smoot, 98 A.D.2d 216, 218, 220
(2d Dept 1983); Dougal v. County of Suffolk, 102 A.D.2d 531, 532-533
(2d Dept 1984), affd, 65 N.Y.2d 668 (1985). A local government may not exercise its police power or other home rule authority where the Legislature has preempted the area of regulation. New York State ClubAssn. v. City of New York, 69 N.Y.2d at 217; Consolidated Edison Co. v.Town of Red Hook, 60 N.Y.2d at 105.
We believe it is clear that Article 14 of the Election Law has preempted the field of reporting and disclosure of campaign receipts and expenditures. The county proposal, which would require disclosure of political contributions in excess of $100 made to any political party or candidate, falls within the subject matter preempted by State law. While the proposal does not affect the application of Article 14 of the Election Law, it establishes additional restrictions — disclosure requirements in the county. These requirements are contrary to the Election Law's initial statement of legislative purpose and its comprehensive regulation of campaign receipts and expenditures applicable to State and local elections under the jurisdiction of the State Board of Elections. As the Court of Appeals found in Robin v. Inc. Village ofHempstead, 30 N.Y.2d 347, there is a lack of any "real distinction" between any particular locality and other parts of the State regarding the subject matter of the State regulation. Further, additional local regulation requiring disclosure of campaign contributions or receipts potentially could result in onerous filing requirements. The need for any additional restrictions in this area must be determined by the State Board of Elections within the scope of its jurisdiction or by the State Legislature.
We note that the information covered by the local proposal can be obtained from the State Board of Elections.
We conclude that the regulation of reporting of campaign receipts and expenditures has been preempted by State law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions