■ In the Matter of BREEZY POINT COOPERATIVE, INC., Appellant, v CITY OF NEW YORK DEPARTMENT OF HEALTH et al., Respondents. [688 NYS2d 571] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent City of New York Department of Health, dated December 8, 1997, which required the petitioner to operate its bathing beaches in compliance with New York City Health Code article 167, the petitioner appeals from a judgment of the Supreme Court, Queens County (Dye, J.), dated May 11, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, a cooperative housing corporation located on the Rockaway Peninsula in Queens, owns two private beach areas which are used only by the cooperative home owners and their invitees. The petitioner argues that because the New York State Sanitary Code exempts from State regulation all cooperative-owned beaches except those in Nassau County (10 NYCRR 6-2.3 [a]), such cooperative-owned beaches are similarly exempt from municipal regulation. However, according to its plain language, the New York City Health Code (24 RCNY art 167) exempts from local regulation *only* a "bathing beach used by one family on private property for noncommercial purposes" (24 RCNY 167.01 [a]).

As the Supreme Court correctly noted, "[n]othing in [Public Health Law § 228] indicates that local governments are preempted from enacting their own regulatory scheme with respect to private beaches such as the one at issue". The State has not evinced an intention to preempt all regulation in this area, and the City's decision to regulate the petitioner's beaches by requiring compliance with New York City Health Code article 167 is not inconsistent with the New York State Sanitary Code (10 NYCRR 6-2.3; *see,* Public Health Law § 228). Indeed, the City's decision to impose local health-related regulations that are more stringent than the general laws establishing minimum standards for the State as a whole is expressly permitted by Public Health Law § 228 (3) (*see, e.g., Matter of Bri-Mar Corp. v Town Bd.,* 74 NY2d 826; *see also, Vatore v Commissioner of Consumer Affairs of City of N. Y.,* 83 NY2d 645; *Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91, 99; *Monroe-Livingston Sanitary Landfill v Town of Caledonia,* 51 NY2d 679, 683; *Suffolk County Bldrs. Assn. v County of Suffolk,* 46 NY2d 613, 619). O'Brien, J. P., Friedmann, H. Miller and Smith, JJ., concur.