Laure C. Nolan, Esq. Informal Opinion Village Attorney No. 2002-13 Village of Asharoken One Asharoken Avenue Northport, New York 11768
Dear Ms. Nolan:
You have asked whether the Village of Asharoken may enact a local law regarding the mandatory use of helmets. As you have explained, state law requires that persons between the ages of one and fourteen years use helmets while in-line skating or riding a bicycle. See Vehicle and Traffic Law § 1238(5), (5-a). Additionally, a recently-passed Suffolk County law requires the use of helmets by all minors, including those between the ages of fourteen and seventeen. See Local Law No. 22-2000 (Suffolk County). You asked (a) whether the Village may enact a law that conflicts with the County Law; (b) whether, in the absence of a conflicting Village Law, the County Law would govern in the Village; and (c) whether, in the absence of a conflicting Village Law, the Village police would be required to enforce the County Law.
Your first question concerns whether the Village may enact a local law that requires helmet usage only by persons between one and fourteen years of age, thus conflicting with the existing County law. The State Constitution and statutory law authorize local governments, including villages, to enact local laws relating to the government, protection, order, conduct, safety, health and well-being of persons and property therein. See N.Y. Const. Art. IX, § 2(c)(10); Municipal Home Rule Law § 10(12); see also New York State Club Ass'n, Inc. v. City of NewYork, 69 N.Y.2d 211, 217 n. 2 (1987), aff'd, 487 U.S. 1 (1988);People v. Cook, 34 N.Y.2d 100, 105 (1974); 1997 Op. Atty Gen. (Inf.) 3. As a general matter, this broad grant of local police power authorizes the enactment of local laws requiring minors to use helmets.
There are three basic restrictions on the exercise of this home rule power by a local government. First, a local law may not be inconsistent with the Constitution or a general State law. See N.Y. Const. Art. IX, § (2)(c)(10); Municipal Home Rule Law § 10(ii)(a)(12). Second, a local government may not exercise its police power in an area preempted by State law. See Vatore v. Consumer Affairs, 83 N.Y.2d 645, 649 (1994) (State law may preempt entire field of law); Incorporated Village ofNyack v. Daytop Village, Inc., 78 N.Y.2d 500, 505 (1981) ("[t]he Legislature's intent to so preempt a particular area can be inferred from a declaration of policy or from a comprehensive or detailed scheme in a given area"); New York State Club Ass'n, 69 N.Y.2d at 217; N.Y. Const. Art. IX, § (2)(c); 1997 Op. Atty Gen. (Inf.) No. 97-3. Third, county charters may include provisions transferring the functions of the county, cities, towns, villages, districts or other units of government within the county "to each other." N.Y. Const. Art. IX, § 1(h)(1).
The first two restrictions on the exercise of home rule power do not apply here, because there is no potential conflict between State and local law. The State Legislature has enacted a statute requiring that persons between one and fourteen years of age use helmets while they are either in-line skating, or operating or riding as a passenger on a bicycle.See Vehicle and Traffic Law § 1238(2), (5), (5-a). While that statute does not mandate helmet use by persons over the age of fourteen, it expressly permits local governments, including counties and villages, to enact ordinances requiring that persons over fourteen years old wear helmets when bicycling or in-line skating. See id. § 1238(9).
Thus, the only restriction on the exercise of home rule power that is potentially relevant here is the third, which concerns the transfer of functions between local governments by county charter. Unless such a transfer has been made, the Village is free to exercise its home rule authority to enact a local law that is consistent with all relevant State laws, but differs from the recently-passed County ordinance.[1]
Although there is no precedent directly on point, it appears that the local law you describe, if enacted by the Village, would apply to the exclusion of the County Law. Our conclusion is supported by the non-impairment clause of the State Constitution, which reads:
 Except in the case of a transfer of functions . . . , a local government shall not have power to adopt local laws which impair the powers of any other local government.
N.Y. Const. Art. IX, § 2(d). Although the County ordinance would clearly be applicable in any area within the county that does not have a conflicting local law, to apply the County ordinance within the Village itself, despite a conflicting Village law, would impermissibly impair the Village's coequal grant of authority. This reasoning also gives full effect to the Municipal Home Rule Law, which states that "[e]xcept in the case of a transfer of functions pursuant to the constitution or under an alternative form of county government, a local government shall not have power to adopt local laws which impair the powers of any other public corporation." Municipal Home Rule Law § 10(5).
We have previously acknowledged this principle in another context. In a 1997 opinion, this office concluded that a county law regulating nuisances did not preempt the enactment of a nuisance abatement law by a town within the county, provided that the function had not been transferred by the town to the county under the provisions of a county charter. 1997 Op. Atty Gen. (Inf.) No. 97-3. In that opinion, we relied on the non-impairment clause of the State Constitution, noting that the clause is necessary because counties, cities, towns and villages have numerous parallel and equal grants of authority. See also Municipal Home Rule Law § 10.
Therefore, unless a function relevant to passing a helmet law has been transferred to the County by the County charter, the Village may enact a local law that is consistent with all relevant State laws (i.e., the local law must require helmet use by persons between one and fourteen years of age), but differs from the recently-passed County ordinance (i.e., the local law may provide that persons over the age of fourteen need not wear helmets).
Your second and third questions concern whether, in the absence of a Village law, the County law would govern in the Village, and whether the Village police would be required to enforce the County Law. If the Village chooses not to enact a local law regarding helmet use, then the county ordinance would apply. See Vehicle and Traffic Law § 1238(9) (delegating authority to "a county, city, town or village" to pass more restrictive ordinances regarding helmet use) (emphasis supplied).
As to the Village's enforcement obligations, the County would be free to use its own resources, including County police, to enforce the ordinance within the Village. See Criminal Procedure Law § 1.20(34-a)(b). You have informed us, however, that the Village has its own police department, and that as a factual matter the County does not provide police road-patrol services to the Village. You have also noted that the County helmet law provides that it "may be enforced anywhere within the geographic boundaries of the County of Suffolk by a police officer . . . who is within his or her `geographical area of employment, as defined in Section 1.20(34-a) of the NEW YORK CRIMINAL PROCEDURE LAW,'" and you have asked what, if any, authority and obligations this county provision imposes on the Village police forces.
It is well established that a local government retains discretion to determine the appropriate allocation of its limited resources, including police resources. See, e.g., Kircher v. City of Jamestown, 74 N.Y.2d 251,256 (1989) (municipal governments have discretion in allocating and deploying their limited law enforcement resources); Op. Atty Gen. (Inf.) No. 95-43 (local legislature retains discretion to determine how to allocate limited resources to various departments, including police). Thus, in allocating its limited law enforcement resources, the Village may determine that the enforcement of certain other laws requires higher priority than enforcing the helmet law.
In sum, we conclude that the Village may enact a local helmet law that conflicts with the County Law, and within the Village, applies to the exclusion of the County Law. In the absence of a conflicting Village law, the County Law would govern, and is enforceable subject to the discretion of the County and the Village, each of which may determine the appropriate allocation of its limited resources.
The Attorney General renders formal opinions only to officers and departments of the state government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General
In Charge of Opinions
By:________________________________
DAVID LAWRENCE III
Assistant Solicitor General
[1] We have not been provided with, and therefore did not review, the county charter to determine if there has been a transfer of functions between local governments by the charter. If the charter transferred the relevant governmental function from the Village to the County, then the Village would no longer be able to enact a local helmet law.