Charles Apotheker, Esq. Informal Opinion County Attorney No. 2002-15 County of Rockland Department of Law Allison-Parris County Office Building 11 New Hempstead Road New City, New York 10956
Dear Mr. Apotheker:
You have inquired whether a proposed Rockland County local law instituting a complete ban on the distribution of free promotional samples of tobacco products to any person within Rockland County is preempted by section 1399-bb of the Public Health Law of the State of New York — entitled "Distribution of tobacco products or herbal cigarettes without charge" — which also bans such distribution, but includes a number of exceptions to its general prohibition, such as allowing distribution at private social functions and conventions and trade shows in compliance with the statute. We conclude, based on an express preemption provision applicable to section 1399-bb and a New York Court of Appeals decision recognizing the provision's preemptive effect, that section 1399-bb expressly preempts the proposed Rockland County law.
The New York Constitution's home rule provision confers broad police powers upon local governments relating to the welfare of their citizens.See N.Y. Const. art. IX, § 2(c); see also Municipal Home Rule Law § 10(1)(ii)(12). However, it places two firm restrictions on the use of these powers: (1) the local government may not exercise its police power by adopting a local law inconsistent with constitutional or general law; and (2) the local government may not exercise its police power inconsistent with the State's interest, when the Legislature has restricted such an exercise by preempting the area of regulation. SeeNew York State Club Assoc. v. New York, 69 N.Y.2d 211, 217 (1987). Such preemption can either be express or implied. The former occurs when the State Legislature expressly assumes full regulatory responsibility in a field by including a preemption clause in a statute. See generallyGernatt Asphalt Prods. v. Town of Sardinia, 87 N.Y.2d 668, 680-681
(1996). Implied preemption occurs where "the Legislature has impliedly evinced its desire to [preempt the field] and that desire may be inferred from a declaration of state policy by the Legislature or from the legislative enactment of a comprehensive and detailed regulatory scheme in a particular area." New York State Club Assoc., 69 N.Y.2d at 217.
Section 1399-bb, the provision at issue here, is part of The Adolescent Tobacco-Use Prevention Act (Public Health Law art. 13-F, L. 1992, ch. 799) ("the Act"). Chapter 799, § 6 contains an express preemption provision which provides: "The provisions of sections 1399-bb of article 13-F of the public health law as added by section three of this act, shall govern and take precedence over the provisions of any local law, ordinance, rule, regulation, resolution, charter or administrative code hereafter enacted by any political subdivision of the state." This provision preempts a local law such as the one you are considering governing the distribution of tobacco products without charge.
Moreover, in Vatore v. Commissioner of Consumer Affairs, 83 N.Y.2d 645,650 (1994), the Court analyzed the preclusive effect of a different section of article 13-F of the Public Health Law — section 1399-dd, which concerns the placement of tobacco product vending machines. The Court found that while the Act had no general, implied preemptive intent, it did contain "a narrow express preemption provision . . . giving preclusive effect to section 1399-bb of article 13-F, governing the distribution of tobacco products without charge." Id. The Court of Appeals, pursuant to the expressly preclusive language in Chapter 799, § 6, has recognized that section 1399-bb preempts local legislation regarding distribution of tobacco products without charge.See Vatore, 83 N.Y.2d at 651.
In sum, because the proposed local legislation would prohibit conduct which the State would allow, the proposed Rockland County legislation is expressly preempted by section 1399-bb of the Public Health Law, which governs the distribution of tobacco products without charge.See Vatore, 83 N.Y.2d at 649. Thus, Rockland County does not have the authority pursuant to its home rule power to enact the proposed law.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General in Charge of Opinions
By:____________________________
ALLISON PENN
Assistant Solicitor General