Matter of Stop & Shop Supermarket Cos., Inc. v Office of Consumer Affairs of County of Nassau (2004 NY Slip Op 50428(U))

[*1]

Matter of Stop & Shop Supermarket Cos., Inc. v Office of Consumer Affairs of County of Nassau

2004 NY Slip Op 50428(U)

Decided on April 26, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 26, 2004

Supreme Court, Nassau County
In the Matter of the Stop & Shop Supermarket Companies, Inc., Petitioner,
against
Office of Consumer Affairs of the County of Nassau and the County of Nassau, Defendants.
INDEX NO. 018440/03

F. Dana Winslow, J.
Proceeding by the petitioner Stop & Shop Supermarkets, Companies, Inc. pursuant to CPLR article 78 to annul a determination of the respondent Nassau County Office of Consumer Affairs dated August 13, 2003, which, after a hearing, found that the petitioner violated § 21-10.2 of Local Law 2-1970, Title D, Chapter XXI, by offering for sale various products which had allegedly expired, and imposing a fine in the amount of $3,300.00.
In June of 2003, an inspector employed by the respondent Nassau County Office of Consumer Affairs ["the respondent"] conducted an inspection of a Stop & Shop retail store located on Hempstead Turnpike in Levittown. The inspector discovered 132 items offered for sale whose product dates had expired. The expired items included energy bars, energy drinks, tooth paste and over-the-counter tablets.
Based on the foregoing, the respondent charged the petitioner with violating Nassau County's Deceptive and Unconscionable Trade Practice Act (Local Law 2-1970, Nassau County Code, Title D, Chapter XXI, § 21-10.2 (Hicks Aff., Exh., "A" [the "Act"), which is generally applicable to "all deceptive and unconscionable trade practices" (Pathmark Stores, Inc. v. Office of Consumer Affairs of County of Nassau, 1 AD3d 520, 521).
An administrative hearing was conducted in July of 2003, after which the hearing officer (Bhalla, JHO), upheld the violation and directed the petitioner to pay a fine of $3,300.00.
A subsequent appeal to the Commissioner of the Office of Consumer Affairs was denied by letter dated August 13, 2003 (Pet. Exh., A"). In sustaining the JHO's decision, the respondent Commissioner Roger C. Bogsted, observed that "[i]t is the determination of this Office that a merchant who offers outdated and expired goods for sale to consumers represents to consumers that the goods are of a particular standard quality and grade when they are of another" (Bogsted Letter at 1-2).
The Commissioner further reasoned that, "[t]o state that he has no duty to remove those items which are expired and thus of inferior quality and to continue to offer those products to an unsuspecting public is irrational and contrary to the spirit and intent of the Nassau County Code provisions designed to protect the consuming public from unscrupulous merchants" (Bogsted Letter at 2).
[*2]
According to the Commissioner, "[w]hile the well educated or better sighted members of the public might read label on products and be able to spot that the product is expired, the simple and poorly sighted members of the public would no such protections against buying expired and inferior products."
Thereafter, the petitioner commenced the within proceeding pursuant to CPLR Article 78.
In support of its claims, the petitioner contends, inter alia, that: (1) General Business Law § 820 governs the sale of time-expired products and preempts the subject, Local Law; and in any event (2) no deceptive or misleading practices and/or representations were committed within the meaning of the Act. The Court disagrees.[FN1]Nassau County Administrative Code § 21-10.2 prohibits unfair trade practices which are defined in relevant part as, "[a]ny false * * * or misleading oral or written statement, visual description or other representation of any kind, which has the capacity, tendency or effect of deceiving or misleading consumers and is made in connection with the sale, * * * of consumer goods * * *"(Nassau County Administrative Code § 21-10.2[2][b]). Moreover, "deceptive trade practices include but are not limited to: (1) representations that: * * * [d] goods or services are of particular standard, quality, grade, style, or mode, if they are of another" (Nassau County Administrative Code § 21-10.2[b][1][d]).
 Notably, it has been held that statutes whose function is "to protect the public from deceptive and unconscionable trade practices and should be interpreted broadly" (Maldonado v. Collectibles Intern., Inc., 969 F.Supp. 7, 8 [S.D.N.Y. 1997] Statutes, § 341["Generally, statutes promoting the public good are liberally construed"]; 23 Realty Associates v. Teigman, 213 AD2d 306, 308; Allstate Ins. Co. v. Foschio, 93 AD2d 328, 332; People by Lefkowitz v. Volkswagen of America, Inc., 47 AD2d 868 see also, Guggenheimer v. Ginzburg, 43 NY2d 268, 272 [1977]; McDonald v. North Shore Yacht Sales,Inc., 134 Misc.2d 910 [Supreme Court, Nassau County 1987]). The Appellate Division, Second Department has recently described the Act in expansive terms, observing that it is "a consumer protection law of general applicability to all deceptive and unconscionable trade practices, * * *" (Pathmark Stores, Inc. v. Office of Consumer Affairs of County of Nassau, supra, at 521) [emphasis added]).
Moreover, in construing the scope of an analogous provision of the New York City Administrative Code dealing with unfair trade practices (New York City Administrative Code § 2203d-1.0, -2.0), the Court of Appeals observed that, "[i]n weighing a statement's capacity, tendency or effect in deceiving or misleading customers, we do not look to the average customer but to the vast multitude which the statutes were enacted to safeguard including the ignorant, the unthinking and the credulous who, in making purchases, do not stop to analyze but are governed by appearances and general impressions" (Guggenheimer v. Ginzburg, 43 NY2d 268, [*3]272 [1977] see also, Florence Mfg. Co. v. J.C. Dowd & Co., 178 F. 73, 75 [1910]; People by Lefkowitz v. Volkswagen of America, Inc., supra).cf., Stutman v. Chemical Bank, 95 NY2d 24, 29 [2000]; Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 NY2d 20, 26 [1995] [definition of "deceptive acts and practices" under General Business Law § 349 includes representations or omissions "likely to mislead a reasonable consumer acting reasonably under the circumstances").
Applying the foregoing principles to the matter at hand, the Court cannot conclude that the respondents' construction and application of the relevant Code provision was irrational and/or unreasonable.
The offering for sale of dated-expired products can be reasonably construed as a "representation * * * which has the capacity, tendency or effect of deceiving or misleading" a reasonable consumer by suggesting that goods offered are of a "particular standard, quality, grade, style or mode" when they "are of another" (Nassau County Administrative Code § 21-10.2[2] [b][1][d]). 
More particularly, it is rational to conclude that items which remain on shelves for sale constitute an affirmative representation to consumers that they are of a normal quality, when, in fact, they are expired and are of a potentially inferior quality, grade, style or mode. Additionally, by offering these time-expired items for sale, the petitioner is effectively representing and/or warranting their fitness and suitability for current consumption and use.
Further, the Commissioner's conclusion that the expansively worded provisions of the Act should be interpreted, among other things, "in light of the broad and varied intellectual and physical abilities of the consuming public" (Bogsted Letter at 2), is reasonable and consistent with the Court of Appeals' observation in Guggenheimer v. Ginzburg, (supra, at 272), to the effect that consumer statutes are also intended to protect "the unthinking and the credulous who, in making purchases, do not stop to analyze but are governed by appearances and general impressions" (see also, 23 Realty Associates v. Teigman, supra). Under these circumstances, the fact that time-expired products may carry a date marking, does not preclude a finding that the petitioner's conduct in continuing to offer in significant numbers such products for sale would have "the capacity, tendency or effect" of misleading a reasonable consumer.
Notably, "[i]t is settled law that an agency's interpretation of the statutes it administers must be upheld absent demonstrated irrationality or unreasonableness" (Seittelman v. Sabol, 91 NY2d 618, 625 [1998] see, Elcor Health Services, Inc. v. Novello, 100 NY2d 273, 280 [2003]; Marzec v. DeBuono, 95 NY2d 262, 266 [2000]; Maggio v. DeBuono, 4 AD3d 362; Nelson v. Roberts, 304 AD2d 20, 24; 23 Realty Associates v. Teigman, supra).
To the extent that the petitioner contends that the respondent made no distinction made between designations such as "use by", "best if used by", or "freshness and potency guaranteed by" dates (Hicks Aff.,¶ 4; Pet.,¶ 35), the Court notes that there is no dispute that the cited products were, in fact, date-expired, thereby rationally supporting the respondent's determination that they did not offer full value to a potential consumer.
 The Court also disagrees with the petitioner's contention that the Act is preempted by State Law, and in particular, General Business Law § 820, which provides, inter alia, that it is unlawful for a retailer to "knowingly sell or offer for sale, any drug sold over-the-counter * * * later than the date, if any, marked upon the label * * *" (Pet.,¶¶ 16-24).
[*4]
Where, as here, "local government is otherwise authorized to act, it will be prohibited from legislating on a subject only if the State preempts the field through legislation evidencing a State purpose to exclude the possibility of varying local legislation" (Monroe-Livingston Sanitary Landfill, Inc. v. Town of Caledonia, 51 NY2d 679, 683 [1980] see also, Incorporated Village of Nyack v. Daytop Vil., Inc., 78 NY2d 500, 505 [1991]; Jancyn Mfg. Corp. v. Suffolk County, 71 NY2d 91, 96-97 [1987]; Louhal Properties, Inc. v. Strada, 191 Misc.2d 746, 749-750 [Supreme Court, Nassau County 2003], affd, 307AD2d 1029).
"The fact that both the State and local laws seek to regulate the same subject matter does not in and of itself give rise to an express conflict"(Jancyn Mfg. Corp. v. Suffolk County, supra, at 97; Incorporated Village of Nyack v. Daytop Vil., Inc., supra, at 505 [1991]; Monroe-Livingston Sanitary Landfill, Inc. v. Town of Caledonia, supra; Dougal v. Suffolk County 102 AD2d 531, 532, affd, 65 NY2d 668 [1985]). Moreover, "'separate levels of regulatory oversight can coexist'" (DJL Restaurant Corp. v. City of New York, 96 NY2d 91, 97, [2001], quoting from, Incorporated Vil. of Nyack v. Daytop Vil., Inc., supra, at 507).
Even "where the State has preempted an entire field, a local law regulating the same subject matter will not be invalidated unless it is inconsistent with the State's interests, meaning that "either (1) prohibits conduct which the State law accepts or at least does not specifically proscribe * * *, or (2) imposes restrictions beyond those imposed by the State law" (Vatore v. Commissioner of Consumer Affairs of City of New York, 83 NY2d 645, 649 [1994] see also, City of New York v. Job-Lot Pushcart, 88 NY2d 163, 169-170 [1996]).
Here and putting aside the fact that many of the items at issue were not over-the-counter drugs there is neither an express intent to preempt the field nor the existence of a detailed regulatory scheme (e.g., Vatore v. Commissioner of Consumer Affairs of City of New York, supra, at 650). The entire substance of the State's involvement in the field is contained in two brief paragraphs, suggesting that the Local Code's "application to activities also subject to regulation under * * * [§ 820] does not trigger preemption" (Pathmark Stores, Inc. v. Office of Consumer Affairs of County of Nassau, supra, 1AD3d at 521). Moreover, it appears that no underlying regulations have been promulgated, thereby militating against the inference that the "State Legislature has assumed full regulatory responsibility" in the area (DJL Restaurant Corp. v. City of New York, supra, at 95).
Nor does General Business Law § 820 contain an explicit preemption provision or make reference to uncoordinated local ordinances or the need for uniformity in State wide regulation (cf., Consolidated Edison Co. of New York, Inc. v. Town of Red Hook, 60 NY2d 99, 105 [1983]; Pathmark Stores, Inc. v. Office of Consumer Affairs of County of Nassau, supra). Further, the Act is not inconsistent with the provisions of the General Business Law § 820. Indeed, in light of the consumer-oriented objectives served by § 820, the Act's application under the circumstances would, if anything, "only further the State's policy interests" (Vatore v. Commissioner of Consumer Affairs of City of New York, supra, at 650 cf., City of New York v. Job-Lot Pushcart, 88 NY2d 163, 170 [1966]; Aponte v. Raychuk, 140 Misc.2d 864, 869 [Supreme Court, New York County 1988], affd, 160 AD2d 636).
Lastly, the Court also disagrees with the petitioner's contention that the respondent was required to demonstrate that the petitioner acted with an affirmative intent to mislead or deceive.
 It has been held that since the purpose of restrictions prohibiting fraudulent or deceptive [*5]practices "is to afford the consuming public expanded protection from deceptive and misleading fraud" they "are ordinarily not limited to instances of intentional fraud in the traditional sense" (Allstate Ins. Co. v. Foschio, supra, at 332; People by Abrams v. 21st Century Leisure Spa Intern. Ltd., 153 Misc.2d 938, 943-944 [Supreme Court, New York County 1991]; People by Lefkowitz v. Volkswagen of America, Inc., supra). In any event, and insofar as the respondent's determination charges the petitioner with knowledge of its own inventory, its conclusion in this respect is neither irrational nor arbitrary.
 Finally, the Court is aware that Justice Martin of this Court recently issued a decision in a factually similar case involving the Commissioner's right to impose fines on merchants who do not remove time-expired goods from their shelves (Matter of Food Parade Inc. v Office of Consumer Affairs, ___Misc2d___ [Supreme Court, Court Nassau, June 23, 2003] [Index No. 018795-02]). The foregoing matter is presently pending before the Appellate Division, Second Department.
Although Justice Martin concluded, inter alia, that a merchant's conduct in offering time-expired items for sale is not a misleading practice or representation under the Act, this Court respectfully disagrees and for the reasons stated above concludes that the Commissioner's actions were reasonable and within the ambit of the challenged provisions defining unfair trade practices and misleading conduct.
Finally, imposition of the minimum fine ($25.00 per item) is not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (Matter of Pell v. Board of Educ., 34 NY2d 222 [1974]).
The petitioner's remaining contentions are lacking in merit.
Accordingly, it is
 ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.
Dated: April 26, 2004ENTER:
J.S.C.
Decision Date: April 26, 2004
Footnotes

Footnote 1:Although the record does not contain a transcript of the hearing (CPLR 7804[e] cf., Parkinson v. New York State Dept. of Correctional Services, 191 AD2d 635), the petitioner's arguments are primarily legal in nature and therefore amenable to review upon the papers before the Court (cf., Hull v. Town of Warrensburg, 207 AD2d 37, 39; CPLR 103[c]). Notably, the petitioner does not contend that the record is incomplete for the purposes of facilitating review of its claims. Nor do the parties' submissions raise or identify any significant factual disputes or conflicts.