*150 OPINION OF THE COURT
Joseph M. Lane, J.
Plaintiffs have commenced an action for a declaratory judgment to invalidate Local Laws 1990, No. 67 of the City of New York and for a permanent injunction against the enforcement of said law, codified as section 17-177 of the Administrative Code of the City of New York. The within motion brought by order to show cause is for a preliminary injunction enjoining enforcement by defendants pendente lite. The defendants cross-move to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that it fails to state a cause of action. On February 27, 1992, the court heard oral argument on the matter and extended the temporary restraining order until March 31, 1992, pending determination of the within decision.
After due consideration, the court now hereby finds as follows:
The issue presented by this case is whether the City Council of the City of New York may amend the Administrative Code by enacting Local Law No. 67 restricting the distribution of certain tobacco products through the location of cigarette vending machines. In 1990, the City Council enacted this law which amended the Administrative Code by adding a new section 17-177. In its legislative finding (Local Laws 1990, No. 67, § 1), it gave recognition to the fact that the majority of smokers began smoking in their teens or fore-teens. It became a principal concern of the City of New York to protect the health and well-being of its citizens under the age of 18 years from the harmful effects to their health associated with cigarette smoking. Using its police power, the City of New York limited the sale of cigarettes from vending machines to taverns. The logic behind this restriction is to assure that minors, who previously could obtain cigarettes in violation of the law from unsupervised vending machines located throughout the City, would now be restricted from purchasing cigarettes through vending machines or by direct purchase in taverns which would be inaccessible to minors.
The ordinance which prohibits the sale and distribution of tobacco products through vending machines except in a tavern is rather detailed in its statutory framework. The definition of "taverns” includes an establishment where service of food is only an incidental portion, not to exceed 40% of annual business. This would preclude the average restaurant that serves alcohol from carrying vending machines. Specifically *151 excluded also include catering halls, bowling alleys, billiard parlors, discotheques, theatres and arenas. (Administrative Code § 17-177 [a] [5].) Once inside the tavern, the vending machine must be a minimum of 25 feet within the entrance and within the owner’s view. (Administrative Code § 17-177 [c].) Finally, violation of the ordinance will result in the imposition of civil penalties from $300 to $1,000, plus the risk of cigarette license suspension. (Administrative Code § 17-177 [f].)
Plaintiffs are in the business of leasing, maintaining and servicing cigarette vending machines. They claim that the continued enforcement of Local Law No. 67 is causing them great hardship and difficulty, seriously interfering with the business activities of plaintiffs and may eventually cause them financial ruin. Plaintiffs in their complaint seek a declaratory judgment invalidating the law. They allege, inter alia, that Local Law No. 67 is preempted by and inconsistent with State law. To substantiate their preemption claim, they cite four State statutes where the State has in various ways regulated the sale of tobacco products. The plaintiffs further allege that the ordinance is void for vagueness, and the State will lose a significant amount of tax revenues.
Defendants are the City of New York and other municipal entities which are responsible for creating or enforcing the new law. They claim that the ordinance represents a valid exercise of the City’s police power to protect the health of its inhabitants. The City further argues that the ordinance is not inconsistent with State or local law and that the preemption doctrine does not apply. Finally, the City maintains that the ordinance is not unconstitutionally vague, and plaintiffs lack standing to assert loss of tax revenues to the public fisc.
The court determines that Local Law No. 67 was a valid exercise of the City’s police power. The home rule provisions of the New York State Constitution grant New York City broad authority to provide for the health, safety and general welfare of its residents (NY Const, art IX, §2 [c] [ii] [10]; Municipal Home Rule Law, art 2, § 10 [1] [ii] [a] [12]).
The court further determines that Local Law No. 67 is not inconsistent with State constitutional or general law and that the State has not either expressly or impliedly evinced an intent to preempt the entire field of regulation relating to cigarette sales and smoking.
The preemption doctrine on which plaintiffs rely is based on *152 the principle that the State has enacted such a comprehensive scheme of regulation that the City is preempted or lacks the authority to also regulate in the field. (New York State Club Assn. v City of New York, 69 NY2d 211, 217 [1987], affd 487 US 1 [1988].)
In order to advocate for the existence of such a State scheme, plaintiffs cite four State statutes: (1) Tax Law § 480-a, requiring, inter alla, registration of dealers and vending machines with the State Department of Taxation and Finance; (2) General Business Law § 399-e, requiring, inter alla, the posting of a notice on the machine regarding the prohibition of the sale of cigarettes to minors; (3) Penal Law § 260.20, prohibiting the sale of tobacco to a child under 18 years, a violation of which would constitute a class B misdemeanor; (4) article 13-E of the Public Health Law, section 1399-n et seq., regulating smoking indoors in buildings open to the public.
Using these statutes as evidence of State preemption, the plaintiffs argue that Local Law No. 67 is inconsistent or in conflict with the State scheme in that it either prohibits conduct which the State law expressly or impliedly permits or imposes additional restrictions on rights granted by State law. (Jancyn Mfg. Corp. v County of Suffolk, 71 NY2d 91, 97 [1987].)
The court is unable to find that the statutes cited by plaintiffs create an express or implied State scheme of regulation in the field which would preempt the City’s authority to regulate the placing of cigarette vending machines within its borders. The mere fact that Local Law No. 67 concerns the same area of regulation as the statutes cited, standing alone does not create a State scheme nor does it render the City ordinance invalid. Local Law No. 67 is clearly separate and dramatically different from the purposes of the statutes on which plaintiffs rely. (Meyerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250, 255 [1973].)
The plaintiff’s argument that the local ordinance is inconsistent with State law because it prohibits what State law permits is also without merit because an application of such a principle would sweep so broadly as to eliminate a municipality’s police power. Home rule dictates that New York City, in order to protect its minor citizens from documented health hazards, have the authority to decide where a cigarette vending machine may be operated even if the State law is silent on the subject. (People v Cook, 34 NY2d 100 [1974].)
The court has also considered plaintiff’s argument that the *153 portions of the ordinance which are applicable solely to taverns is a preemption of the State Alcoholic Beverage Control Law. This position cannot be sustained because the local law does not in any way regulate the sale, distribution or consumption of alcoholic beverages. The logical extension of such an argument would render any tavern immune from a municipality’s legitimate right to control conduct or disturbances likely to occur in establishments serving alcoholic beverages. (People v De Jesus, 54 NY2d 465 [1981].)
The court determines that Local Law No. 67 is not void for vagueness. The standard to be applied in a vagueness issue is whether the statute is informative on its face and does assure that citizens can conform their conduct to the dictates of the law. (People v Illardo, 48 NY2d 408, 413 [1979].)
Local Law No. 67, codified as section 17-177 of the Administrative Code, is extremely precise, detailed, clear and not confusing. The plaintiffs argue that the ordinance definition of "tavern” leaves the Department of Consumer Affairs with an impermissible amount of discretion to determine violations on a case-by-case basis. The court finds that the definition of tavern found in section 17-177 (a) (5) clearly and unambiguously outlines that service of food is deemed incidental if food service generates less than 40% of the total annual gross sales. In any event, statutory construction need only be reasonably precise to survive a vagueness attack, especially in the absence of a First Amendment issue. (People v Cook, supra, at 115.)
The court determines that plaintiffs lack standing to challenge Local Law No. 67 on the grounds that its enforcement will result in decreased fees and State tax revenues from cigarette vending machines. The court notes that plaintiffs, although they had the opportunity to do so, failed to bring the State of New York into the action as a party, but chose to act as self-appointed agent for the State’s purported argument concerning lost tax revenues. Plaintiffs’ position on behalf of the State somewhat coincidentally and disingenuously advances plaintiff’s economic interests as well. In the absence of an appearance by the State relating a fiscal crisis created by lost revenues, the court is inclined to balance the equities of the matter in favor of the City’s power to protect its youth from access to a known public health hazard. The dangers of cigarette smoking are widely acknowledged (Boreali v Axelrod, 71 NY2d 1, 6-7 [1987]) and the City has the authority, if not an obligation under the doctrine of parens patriae to act in the *154 best interests of its youth. Children and adolescents may be too immature or unduly influenced by peers to fully appreciate the dangerous consequences of their behavior at this early stage in their lives. (Rivers v Katz, 67 NY2d 485 [1986].)
Accordingly, the court grants defendant’s cross motion to dismiss the complaint for failure to state a cause of action.
The plaintiffs’ motion for a preliminary injunction pendente lite and a permanent injunction are dismissed as moot.