■ Bob Vatore et al., Appellants, v Commissioner of Consumer Affairs of the City of New York et al., Respondents. [596 NYS2d 113] —In an action for a judgment declaring Local Laws, 1990, No. 67 of the City of New York invalid and for a permanent injunction against the enforcement of that law, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Lane, J.), dated April 20, 1992, which dismissed their complaint for failure to state a cause of action.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, and it is declared that Local Laws, 1990, No. 67 of the City of New York is invalid on the ground that it is preempted by State law.

On November 8, 1990, Local Laws, 1990, No. 67 of the City of New York was enacted by the New York City Council to restrict the distribution of cigarettes within the City of New York through vending machines. That law provided, "No person shall permit the distribution of a tobacco product through the operation of a vending machine in a public place. This prohibition shall not apply to a distribution of tobacco products in a tavern." A tavern was defined as "an establishment where alcoholic beverages are sold and served for on-site consumption and in which the service of food, if served at all, is incidental to the sale of beverages".

The plaintiffs are in the business of leasing, maintaining, and servicing cigarette vending machines. They commenced the instant action to declare invalid and permanently enjoin the enforcement of Local Laws, 1990, No. 67 of the City of New York. The Supreme Court dismissed the plaintiffs' complaint for failure to state a cause of action, finding that the local law was not inconsistent with State law.

Subsequently, on August 7, 1992, the Governor approved Public Health Law article 13-F entitled the "Adolescent Tobacco Use Prevention Act", effective April 1, 1993 (see, McKinney's Cons Laws of NY, Book 44, Public Health Law art 13-F, 1993 Pocket Part, at 84). The State law now prohibits the sale

of tobacco products from vending machines as follows: "No person * * * shall operate a vending machine which dispenses tobacco products unless the machine is located (a) in a bar * * * or the bar area of a food service establishment with a valid, on-premises full liquor license; (b) in a private club; (c) in a tobacco business * * * or (d) in a place of employment, if only an insignificant [number of employees are] under [18 years of age] and only in such areas that are not accessible to the general public * * * [and] the vending machine is located in plain view and under the direct supervision and control of the person in charge of the location or his or her designated agent or employee" (Public Health Law § 1399-dd).

Although the City of New York has broad power to preserve and promote the health, safety, and general welfare of its inhabitants pursuant to the home rule provisions of the State Constitution (NY Const, art IX, § 2 [c] [ii] [10]), the Municipal Home Rule Law (art 2, § 10 [1] [ii] [a] [12]), and the New York City Charter § 28 *(see, People v Cook,* 34 NY2d 100), the preemption doctrine represents a fundamental limitation on home rule powers. Preemption applies both in cases of express conflict between local and State law as well as in cases where the State has evidenced its intent to occupy the field *(see, Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372; *New York State Club Assn. v City of New York,* 69 NY2d 211, *affd* 487 US 1; *Dougal v County of Suffolk,* 65 NY2d 668; *Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99). The intent to preempt need not be expressly stated but may be inferred from a declaration of policy or from the Legislature's enactment of a comprehensive regulatory scheme in that particular area *(see, Matter of Ardizzone v Elliott,* 75 NY2d 150; *Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372, *supra; Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91; *Dougal v County of Suffolk,* 65 NY2d 668, *supra; Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, *supra).* Further, it is basic law that an appellate court must determine an appeal on the basis of the law as it exists at the time of its decision *(see, Matter of Boardwalk & Seashore Corp. v Murdock,* 286 NY 494; *Matter of Shiloh Gospel Chapel v Roer,* 170 AD2d 608; *Lander v Wilson,* 100 AD2d 896).

Applying these principles, we find initially that the court correctly determined, at the time of its decision, that Local Laws, 1990, No. 67 of the City of New York had not been preempted by State law. However, that law has since been preempted by Public Health Law article 13-F, which became effective April 1, 1993.

The State Legislature declared in that recent enactment that the regulation of cigarette vending machines was a matter of State concern. The Legislature stated:

" 'The legislature further finds that the use of vending machines to dispense tobacco products facilitates the availability of such products to minors, and encourages the use of such products by minors, in contravention of the laws and public policy of this state * * *

" '[I]t is the purpose of this act to restrict the dispensing of tobacco products in vending machines' " (L 1992, ch 799, § 2, quoted in Historical and Statutory Notes at McKinney's Cons Laws of NY, Book 44, Public Health Law, 1993 Pocket Part, at 85).

As many of the provisions of the two bills are similar, the local law would impermissably act to add an additional layer of regulation in an area where the State Legislature has already evidenced its desire to preempt the field of regulation. Moreover, some of the provisions of the city's legislation conflict with the State's legislation. For example, while city law only permits vending machines in "taverns", under State law, a restaurant could contain a vending machine so long as the vending machine was in the bar area of the restaurant. In sum, the existence of two laws is unnecessary and confusing *(see, Matter of Lansdown Entertainment Corp. v New York City Dept. of Consumer Affairs,* 74 NY2d 761; *Dougal v County of Suffolk,* 65 NY2d 668, *supra; Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, *supra).* Bracken, J. P., Lawrence, Copertino and Pizzuto, JJ., concur. *[See,* 154 Misc 2d 149.]