Michael L. Klein Informal Opinion Town Attorney No. 2006-2 Town of Ramapo 237 Route 59 Suffern, New York 10901
Dear Mr. Klein:
You have requested an opinion regarding the authority of the Town to enact a local law that would prohibit any person over 16 years of age from hosting a party at a premises under his or her control where five or more minors (meaning any person under 21 years of age) are present and alcohol is being consumed by any minor. The penalty for violating the local law would be a fine ranging from $250 to $1000. You have explained that the purpose of the proposed local law is to prevent underage drinking. You have asked whether the local law is preempted by state law.
The Legislature has enacted a number of statutes generally restricting access to alcoholic beverages by underage individuals. Several of these provisions are directed towards persons other than the underage drinker: a person is prohibited from giving, selling, or causing to be given or sold any alcoholic beverage to a person less than 21 years old,[1]
Penal Law § 260.20(2); see also Alcoholic Beverage Control Law § 65(1) (prohibiting selling, delivering, or giving away, or causing or permitting or procuring to be sold, delivered, or given away any alcoholic beverage to any person actually or apparently under the age of 21 years); and from misrepresenting the age of a person under the age of 21 years for the purpose of inducing the sale of any alcoholic beverage to such person, Alcoholic Beverage Control Law § 65-a. Moreover, a person who knowingly causes the intoxication or impairment of ability of a person under the age of 21 years by unlawfully furnishing to or unlawfully assisting in procuring alcoholic beverages for that minor may be civilly liable to a third party who is injured by reason of that intoxication.[2] General Obligations Law § 11-100(1). Related provisions of the Alcoholic Beverage Control Law direct that an entity licensed to sell alcoholic beverages may accept as written evidence of age only certain types of documentation.[3] Alcoholic Beverage Control Law § 65-b(2)(b). Licensees also must conspicuously display a notice regarding the illegality of the sale or giving of alcoholic beverages to persons under the age of 21 years and of the presentation of identification that is false, fraudulent, or not that of the presenter for the purpose of purchasing or attempting to purchase alcoholic beverages. Id. § 65-d.
Other statutes are directed towards the underage persons themselves: an underage person is prohibited from presenting or offering to a licensee under the Alcoholic Beverage Control Law any written evidence of age that is false, fraudulent, or not actually his or her own for the purpose of purchasing or attempting to purchase any alcoholic beverage, Alcoholic Beverage Control Law § 65-b(2)(a); and from possessing any alcoholic beverage with the intent to consume it, id. § 65-c.[4]
The Town's proposed local law is directed towards a third group of persons: a host providing access to premises under his or her control, whether or not he or she is supplying or consuming alcoholic beverages.[5] As explained below, we are of the opinion that the State has not preempted this type of local legislation.
ANALYSIS
A town has broad power to enact local laws pursuant to the law of municipal home rule, including those relating to the safety, health, and well-being of persons within the town.[6] See
N.Y. Constitution article IX, § 2(c)(10); Municipal Home Rule Law § 10(1)(ii)(a)(12). The town may adopt these local laws pursuant to its home rule power as long as they are "not inconsistent with the provisions of the constitution or not inconsistent with any general law"[7] and "except to the extent that the legislature shall restrict the adoption of such a local law." Municipal Home Rule Law § 10(1)(ii).
The preemption doctrine constitutes a fundamental limitation on home rule powers. Albany Area Builders Ass'n v. Town ofGuilderland, 74 N.Y.2d 372, 377 (1989). Where the Legislature has expressed an intent to preempt a field of regulation, a municipality may not legislate in that field absent clear and specific authorization. Robin v. Incorporated Village ofHempstead, 30 N.Y.2d 347, 350-51 (1972). This limitation "embodies the untrammeled primacy of the Legislature to act . . . with respect to matters of State concern." Albany AreaBuilders, 74 N.Y.2d at 377, quoting Wambat Realty Corp. v.State of New York, 41 N.Y.2d 490, 497 (1977). Where the State has preempted the field, a local law regulating the same subject matter is deemed inconsistent with the State's interest, even if the terms of the local law do not directly conflict with a state statute. Id. at 377. Such laws, were they permitted to operate in a field preempted by State law, would tend to inhibit the operation of the State's general law and thereby thwart the operation of the State's overriding policy concerns. Jancyn Mfg.Corp. v. County of Suffolk, 71 N.Y.2d 91, 97 (1987). The mere fact, however, that the state law and the proposed local law would touch upon the same area is insufficient to support a determination that the State has preempted the entire field of regulation in a given area. Id. at 99.
The Legislature's intent to preempt a field of regulation need not be express, but may be implied from the nature of the subject matter being regulated and the purpose and scope of the state legislative scheme, including the need for statewide uniformity in a given area. Albany Area Builders, 74 N.Y.2d at 377. Typically, courts have relied upon an expression of policy or the presence of a comprehensive and detailed regulatory scheme to find that an area of law has been preempted.[8] SeeConsolidated Edison Co. v. Town of Red Hook, 60 N.Y.2d 99, 105
(1983).
As discussed above, under state law, a person under 21 years may not present false identification for the purpose of purchasing alcoholic beverages, nor may he or she possess an alcoholic beverage with the intent to consume it. Alcoholic Beverage Control Law §§ 65-b(2)(a), 65-c. No person, except a person who fits within a statutory exception, may provide an alcoholic beverage to a person under the age of 21 years, nor may any person misrepresent the age of a person under the age of 21 years for the purpose of inducing a sale of an alcoholic beverage to that person. Penal Law § 260.20(2); Alcoholic Beverage Control Law §§ 65(1) and 65-a. Supplying a minor with alcoholic beverages may render a person civilly liable to a third party injured as a result the minor's intoxication. General Obligations Law § 11-100(1). We are of the opinion that this regulatory scheme does not preempt a local law of the type proposed by the Town.
With respect to access to alcoholic beverages by underage persons, the state statutes do not include an express statement of preemption. Moreover, none of them include a statement of policy indicating an intent to preempt local regulation or an expression of need for uniform control of access to alcoholic beverages by minors.
The more difficult question is whether the statutes constitute a comprehensive and detailed regulatory scheme indicating that the Legislature has "evinced its desire to preclude the possibility of local regulation," Jancyn, 71 N.Y.2d at 98. On balance, we believe that they do not. Rather, we believe that the state legislation is "not so broad in scope or so detailed as to require a determination" that it has superseded all local legislation. Id. at 99. We are of the opinion that the regulatory scheme is comparable to others that have been found by New York courts to have no preemptive effect. See, e.g.,id. (state scheme regulating the sale and use of certain sewer system cleaning additives in Suffolk and Nassau Counties not sufficiently broad in scope or detailed as to require conclusion of preemption where only certain toxic chemicals were banned, the Commissioner of Environmental Conservation was not vested with exclusive jurisdiction, and no direct controls at local level were imposed); People v. Judiz, 38 N.Y.2d 529 (1976) (state law prohibiting possession of toy gun with intent to use it unlawfully against another did not preempt local law prohibiting possession of toy guns resembling in specific ways real guns);Zorn v. Howe, 276 A.D.2d 51, 54 (3d Dep't 2000) (state law governing eviction from leased premises because of illegal business activity conducted on premises did not preempt local law establishing illegal drug use and possession as basis for eviction; "the mere fact that the Legislature chose to address illegal business activity . . . in no way evidences an intent to preclude a municipality from exercising its municipal home rule power by similarly addressing illegal private activities");People v. Ortiz, 125 Misc. 2d 318, 329 (state law regulating weapons did not preempt local law proscribing possession or carrying of knives with blades at least four inches long without a lawful purpose; "silence by the State on a particular issue should not be interpreted as an expression of intent to preempt"); but see Matter of Penny Lane/East Hampton, Inc. v.County of Suffolk, 191 A.D.2d 19 (2d Dep't 1993) (Penal Law provisions dealing with obscenity preempted local law prohibiting display of obscene materials where state law established complete ban on obscene material and on dissemination to minors of obscene materials, provided for the seizure and destruction of obscene materials, and established criminal penalties for the public display of offensive sexual materials); Dougal v. County ofSuffolk, 102 A.D.2d 531 (2d Dep't 1984) (State enacted comprehensive and detailed regulatory scheme in the field of drug-related paraphernalia and thus preempted local law regulating the sale of certain merchandise characterized as drug paraphernalia; legislative scheme included total ban on sale of drug-related paraphernalia, prescribing criminal and civil penalties for selling or offering to sell such items, authority for the commencement of injunctive actions by local officials against violators, and authority for the destruction of specified items seized, as well as detailed instructions concerning the procedures to be employed locally in implementing the ban),aff'd, 65 N.Y.2d 668 (1985).
We find particularly instructive the decisions in Vatore v.Commissioner of Consumer Affairs, 154 Misc. 2d 149
(N.Y.Sup.Ct. 1992), rev'd, 192 A.D.2d 520 (2d Dep't 1993), rev'd,83 N.Y.2d 645 (1994), in which state laws regulating access to tobacco products by minors were ultimately held not to preempt local legislation in the field. At issue in Vatore was a New York City law prohibiting the siting of tobacco-product vending machines in public places other than taverns. 83 N.Y.2d at 647. The purpose of the local law was to reduce the access of minors to tobacco products. Id. The local law was challenged, in part on the ground that it was preempted by state law. Id. at 648. In support of this argument, the plaintiffs cited four state statutes, including Penal Law § 260.20,[9] prohibiting the sale of tobacco to a person under 18 years.[10] Id.
at 648 n. 1; 154 Misc. 2d at 152. Supreme Court concluded that the Legislature had not adopted a comprehensive scheme of regulation that preempted the local law. 154 Misc. 2d at 152. In 1992, while an appeal of the Supreme Court's decision was pending, the State enacted the Adolescent Tobacco-Use Prevention Act.83 N.Y.2d at 648. Based on this enactment, the Appellate Division found that the local law was preempted and thus invalid. 192 A.D.2d at 521. The Appellate Division agreed, however, with Supreme Court that, prior to the 1992 enactment, the local law had not been preempted. Id.
The Court of Appeals addressed only the issue of whether the local law was preempted by the Adolescent Tobacco-Use Prevention Act,[11] and held that it was not. 83 N.Y.2d at 647, 650. The Act did not express any general preemptive intent. Id.
at 649. Moreover, the Court found absent from the Act any expression of need for uniform statewide control of tobacco-product vending machines. Id. at 650. The Court also concluded that the statutory scheme was not so "broad and detailed in scope as to require a determination that it has precluded all local regulation in the area, particularly where, as here, the local law would only further the State's policy interests." Id.
As the Court of Appeals found in Vatore with respect to the Adolescent Tobacco-Use Prevention Act, we have found no expression of need for uniform statewide control in the legislation regulating access to alcoholic beverages by minors. Moreover, like the Court of Appeals in Vatore, we believe that the regulatory scheme is not so broad and detailed so as to require the conclusion that the Legislation has precluded local regulation in the area. Indeed, the state regulatory scheme with respect to access to alcoholic beverages by minors is similar to that determined by Supreme Court and affirmed by the Appellate Division not to be preemptive in Vatore. It regulates and prohibits particular behavior of specified individuals but does not constitute a comprehensive scheme regulating all aspects of access to alcoholic beverages by minors, and it is silent with respect to providing access to private premises on which alcohol is available. Because we believe the legislative scheme contains no clear indication of an intent to preclude local legislation in the field of access to alcoholic beverages by minors, we are of the opinion that local legislation of the type proposed by the Town is not preempted by state law.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] The exceptions to this prohibition are (1) the parent or guardian of a person under the age of 21 years or (2) a person who gives an alcoholic beverage to a person under the age of 21 years who is a student in a curriculum licensed by the State Education Department and who is required to taste or imbibe alcoholic beverages in courses that are part of the required curriculum; the alcoholic beverages must be used only for instructional purposes during classes. Penal Law § 260.20(2);see also Alcoholic Beverage Control Law § 65(5). The Town's proposed law appears to recognize the parent-child exception, as it does not apply to "conduct between a minor child and his or her parent or guardian." Proposed Ramapo Teen Party Local Law § 2(B). Moreover, the "teen party host" prohibition applies "[e]xcept as otherwise permitted by law." Id. § 2(A).
[2] The supplier of the alcoholic beverage must have had knowledge or reasonable cause to believe that the drinker was under the age of 21 years. General Obligations Law § 11-100(1).
[3] A licensee may accept only (1) a valid driver's license or non-driver identification card issued by the Commissioner of Motor Vehicles, the federal government, any United States territory, commonwealth or possession, the District of Columbia, a state government within the United States, or a provincial government of the dominion of Canada, (2) a valid passport issued by the United States government or any other country, or (3) an identification card issued by the armed forces of the United States. Alcoholic Beverage Control Law § 65-b(2)(b).
[4] Also restricted are the entrance onto business premises on which alcoholic beverages are sold or given away, Penal Law § 260.21(1); see also General Business Law §§ 398-c and 399-d; the ability to place an order for an out-of-state direct shipment of wine, Alcoholic Beverage Control Law § 79-c(1); access to alcoholic beverages through vending machines in hotel rooms,id. § 106(17); and employment by establishments dealing with alcoholic beverages, id. §§ 99-f, 100(2-a) and (2-b), 126(2).
[5] A "host" under the proposed local law may well simultaneously fall into one of the other groups, either by providing alcoholic beverages to persons under the age of 21 years, or by him- or herself being a person under the age of 21 years who possesses an alcoholic beverage with the intent to consume it.
[6] You have indicated that the proposed local law would serve this purpose.
[7] See Op. Att'y Gen. (Inf.) No. 86-74 (a municipality may not enact a local law banning consumption of alcoholic beverages in public or private places by anyone under the age of 21 years because it would be inconsistent with state law).
[8] We note that the Alcoholic Beverage Control Law has been held to be preemptive with respect to the "field of regulation of establishments which sell alcoholic beverages." People v. DeJesus, 54 N.Y.2d 465, 467 (1981). The Town's proposed law appears to fall outside the scope of that field of preemption, as it does not apply to "any location or place regulated by the New York State Liquor Authority." Proposed Ramapo Teen Party Local Law § 2(C).
[9] The plaintiffs also cited Tax Law § 480-a, requiring the registration of dealers and vending machines with the State Department of Taxation and Finance; General Business Law § 399-e, requiring the posting of a notice on the machine regarding the prohibition of the sale of cigarettes to minors; and Public Health Law article 13-E, regulating smoking indoors in buildings open to the public. 154 Misc. 2d at 152.
[10] This provision was subsequently recodified at Penal Law § 260.21.
[11] The Act regulates the distribution of tobacco products without charge or by vending machine; requires the posting of notices announcing the illegality of selling tobacco products to minors; and provides procedures for the enforcement at the local level of the provisions of the Act. Act of Aug. 7, 1992, ch. 799,1992 N.Y. Laws 4202 (codified as amended at Public Health Law §§ 1399-aa-1399-mm).