OPINION OF THE COURT
William M. Simon, J.
These motions are consolidated for one opinion based upon the fact that the issues in both cases are the same.
*932 The defendants are both charged in informations with two counts arising out of a graduation party held at their residence in Greene County, New York in June of 2010. The charges stem from an accusation that various minors were in attendance at the graduation party and that alcoholic beverages were supplied to them by allowing them access to various coolers that contained beer. The first charge is the misdemeanor of unlawfully dealing with a child under Penal Law § 260.20 and the second charge is the violation of hosting a party at which the host has knowledge that alcoholic beverages are being consumed by minors in violation of Local Law No. 1 (2007) of Greene County.
The defendants jointly move for an order dismissing the charges of unlawfully dealing with a child under Penal Law § 260.20 (2) on the grounds that an affirmative defense has been established as a matter of law. The prosecution acknowledges all the essential elements of the affirmative defense as created by statute and that such defense has been established as a matter of law by the production of a certificate attesting to the defendants attendance at alcohol awareness training program approved by the State. The relevant statute at issue is Penal Law § 260.20 which provides as follows:
“§ 260.20 Unlawfully dealing with a child in the first degree.
“A person is guilty of unlawfully dealing with a child in the first degree when: . . .
“2. He gives or sells or causes to be given or sold any alcoholic beverage, as defined by section three of the alcoholic beverage control law, to a person less than twenty-one years old; except that this subdivision does not apply to the parent or guardian of such a person or to a person who gives or causes to be given any such alcoholic beverage to a person under the age of twenty-one years, who is a student in a curriculum licensed or registered by the state education department, where the tasting or imbibing of alcoholic beverages is required in courses that are part of the required curriculum, provided such alcoholic beverages are given only for instructional purposes during classes conducted pursuant to such curriculum.
“It is no defense to a prosecution pursuant to subdivision two of this section that the child acted *933 as the agent or representative of another person or that the defendant dealt with the child as such.
“It is an affirmative defense to a prosecution pursuant to subdivision two of this section that the defendant who sold, caused to be sold or attempted to sell such alcoholic beverage to a person less than twenty-one years old, had not been, at the time of such sale or attempted sale, convicted of a violation of this section or section 260.21 of this article within the preceding five years, and such defendant, subsequent to the commencement of the present prosecution, has completed an alcohol training awareness program established pursuant to subdivision twelve of section seventeen of the alcoholic beverage control law. A defendant otherwise qualifying pursuant to this paragraph may request and shall be afforded a reasonable adjournment of the proceedings to enable him or her to complete such alcohol training awareness program.
“Unlawfully dealing with a child in the first degree is a class A misdemeanor.” (Emphasis added.)
Both the defense and prosecution agree that the documentary evidence proves the affirmative defense as a matter of law, and pursuant to the oral argument conducted on May 25, 2011 in open court and with the consent and approval of the special prosecutor, the court dismissed both counts of unlawfully dealing with a child against each defendant. It is therefore the “law of the case” that the affirmative defense contained in section 260.20 of the Penal Law, has been proved “as a matter of law.”
The defendants next argue that the violation of Greene County Local Law No. 1, which makes it an offense to “permit individuals under age 21 to be at ‘[a]n open house party’ at a residence controlled by the defendants, which defendants are aware that alcohol is being served or possessed by such minors” should be dismissed because the State of New York has preempted the entire field of regulating the giving or selling of alcohol to minors, in various statutes, which is essentially the same conduct as prescribed by the local law.
The defendants argue that Greene County Local Law No. 1 has been preempted by various New York State statutes dealing with the illegal possession, service of and consumption of alcoholic beverages by minors and that the Penal Law inclusion of an affirmative defense to Penal Law § 260.20 creates a similar affirmative defense for all offenses based on the same *934 conduct and that the State Legislature intended the affirmative defense to be a statewide mandate for alcohol awareness training for individuals charged with the same conduct as a first offense.
The defendants further argue that Greene County Local Law No. 1 is in contradiction to or in conflict with state law and therefore only the state law should apply.
The defendants also argue that the sole remaining charge under the Greene County Local Law should be dismissed in the interest of justice because the defendants have complied with the alcohol awareness training contained in the amendment to the Penal Law, which defense postdates the Greene County Local Law and therefore was not considered by the Greene County Legislature when they passed the law, and that continued prosecution of the Local Law would serve no useful purpose in view of defendants’ compliance with alcohol awareness training and certification.
Opinion
While the state statute, Penal Law § 260.20, is directed at individuals who sell or give alcohol to minors, the Greene County Local Law is directed at social hosts in “control of a residence” who have knowledge that minors are possessing or consuming alcoholic beverages at their residence. The Penal Law statute is directed at sellers and givers of alcohol to minors. The Local Law is aimed at a different but similar class of individuals who “control a residence” with knowledge that alcohol is being consumed by minors regardless of who supplied or gave the alcohol to the minor. The distinction may be very subtle and in some cases nonexistent. But nonetheless it is a real distinction founded in fact. The perceived problem in Greene County was hosts in control of a residence (private non-licensed premises) who permit parties regardless of their age (the host) and who allow minors to use their residence without necessarily supplying them with alcohol, but permitting the knowing use of alcohol at their residence. For example, the minor may bring the alcohol for himself and/or others, and under the Greene County Law this would be prosecutable if the host was aware of it. On the other hand the state Penal Law statute would not apply in that situation.
I can find no general intent, in the numerous laws of the State of New York that deal with underage consumption of alcohol, expressing any intention to preempt the field of regulat *935 ing individuals who on their own private premises allow alcohol to be consumed by minors. The state statutes deal with sellers or other providers of alcohol and licensed premises; no law is aimed at hosts as owners of private premises who permit alcohol to be consumed by minors.
The Attorney General has considered this exact issue in an informal opinion (2006 Ops Atty Gen No. 2006-2).
“As the Court of Appeals found in Vatore lv Commissioner of Consumer Affairs of City of N.Y. (154 Misc 2d 149 [Sup Ct 1992], revd 192 AD2d 520 [2d Dept 1993], revd 83 NY2d 645 [1994])] with respect to the Adolescent Tobacco-Use Prevention Act, we have found no expression of need for uniform statewide control in the legislation regulating access to alcoholic beverages by minors. Moreover, like the Court of Appeals in Vatore, we believe that the regulatory scheme is not so broad and detailed so as to require the conclusion that the Legislation has precluded local regulation in the area. Indeed, the state regulatory scheme with respect to access to alcoholic beverages by minors is similar to that determined by Supreme Court and affirmed by the Appellate Division not to be preemptive in Vatore. It regulates and prohibits particular behavior of specified individuals but does not constitute a comprehensive scheme regulating all aspects of access to alcoholic beverages by minors, and it is silent with respect to providing access to private premises on which alcohol is available. Because we believe the legislative scheme contains no clear indication of an intent to preclude local legislation in the field of access to alcoholic beverages by minors, we are of the opinion that local legislation of the type proposed by the Town is not preempted by state law.” (Id. at 8 [emphasis added].)
Since Greene County Local Law No. 1 is aimed at social hosts in control of a residence who have knowledge of alcohol being consumed on premises under their control, as opposed to the prohibition by the State of New York directed at the sellers and or givers of alcohol to minors, the two laws, while seeking to prohibit similar kinds of conduct, are in fact addressed to different classes of people.
Therefore, it is my conclusion that Greene County has not been preempted by state statute from passing a social host law *936 and the statute is in all respects a valid exercise of the legislative prerogative of the Greene County Legislature. It is therefore the prerogative of the Greene County Legislature to consider permitting an affirmative defense such as in the Penal Law § 260.20 affirmative defense. The Greene County Legislature is, of course, free to consider it in light of this decision, but I am not persuaded by the defendants’ arguments that I have the power to compel a reading into the statute of an affirmative defense that the Legislature did not itself debate and pass.
We now turn to address the other contentions. In the case at bar, to determine if a dismissal is warranted in the interest of justice this court must consider the statutory factors set forth in Criminal Procedure Law § 170.40. In making this determination the court has used the affidavits submitted for and against the motion as well as the accusatory instruments and all supporting depositions filed in support thereof.
The text of the law permitting the filing of this motion is as follows;
“§ 170.40. Motion to dismiss information, simplified traffic information, prosecutor’s information or misdemeanor complaint; in furtherance of justice.
“1. An information, a simplified traffic information, a prosecutor’s information or a misdemeanor complaint, or any count thereof, may be dismissed in the interest of justice, as provided in paragraph (g) of subdivision one of section 170.30 when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs (a) through (f) of said subdivision one of section 170.30, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice. In determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:
“(a) the seriousness and circumstances of the offense;
“(b) the extent of harm caused by the offense;
“(c) the evidence of guilt, whether admissible or inadmissible at trial;
*937 “(d) the history, character and condition of the defendant;
“(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
“(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
“(g) the impact of a dismissal on the safety or welfare of the community;
“(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
“(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion:
“(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.”
The court will review and comment upon each of the statutory factors as follows.
(a) the seriousness and circumstances of the offense; A review of all the papers and accusatory instruments reflect that the offense is a violation of law and the penalty is a fine not to exceed $250. The more serious offense that has been dismissed because of an affirmative defense was a misdemeanor. Therefore the remaining charge is a comparatively less serious charge under New York law and is noncriminal in nature.
(b) the extent of harm caused by the offense; While there was certainly the potential for harm if the allegations are true, in this case there was no actual harm to anyone or any property either alleged or required to be alleged in the papers and no evidence that anyone was harmed in any way.
(c) the evidence of guilt, whether admissible or inadmissible at trial; Since this charge would require a nonjury trial, the court has not reviewed the evidence of guilt other than to review the accusatory instruments and any facts raised in the affidavits; the court believes that if the allegations are true as alleged they are stated sufficiently to establish a prima facie case.
(d) the history, character and condition of the defendant; Each of the defendants are believed by the court to have no history of criminal or bad behavior. Cynthia Valentine is 46 years of age, and a businessperson who has two children ages 18 and 12. Keith Valentine is a businessperson, age 47, with two children. Both defendants are longtime and civic-minded residents of Greene County.
*938 (e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant; The court is not aware of any evidence of any such conduct on the part of law enforcement agents.
(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense; The court sees no benefit to society or to the defendants in imposing the fine required by law for this offense; an alternative jail sentence of up to 15 days in jail would not appear to be a valid exercise of discretion in this case.
(g) the impact of a dismissal on the safety or welfare of the community; The court does not believe there will be any impact on the safety or welfare of the community.
(h) the impact of a dismissal upon the confidence of the public in the criminal justice system; Since one of the defendants is a public official, there undoubtedly will be some in this community who believe that special treatment has been accorded to that defendant. However, being a public official is not a statutory bar to the granting of a motion to dismiss in the interest of justice. If being a public official was a bar, the New York State Legislature could correct that and exclude public officials from being eligible for such a dismissal. The court will base its decision of the statutory factors and will not be dissuaded from granting relief to the one defendant simply because he is a public official. In view of the fact that both defendants have undergone alcohol awareness training, the court believes the impact of a dismissal to be minimal, and that the vast majority of the public will be buoyed by the fact that fair treatment can be addressed by judicial discretion in a motion such as this, rather than relying on robotic rigidity in a case that seems to warrant the relief requested.
(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion; Unknown.
(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose. This court believes that the New York State Legislature, in 2010, the year after the Greene County Legislature passed the Local Law that is the subject of this motion, decided that alcohol awareness education was the appropriate disposition to individuals who commit the crime of giving or selling alcohol to a minor for a first offense only. The legislative notes indicate that the purpose was to stem the tide of underage drinking and that the program of alcohol awareness training previously established under the Alcoholic *939 Beverage Control Law for state licensees was an effective means of stemming the problem of underage drinking.
The Legislature was so convinced that this was the appropriate disposition that it provided that a defendant be given a mandatory adjournment of the case to afford him the opportunity to obtain the training. The following is the text of that law:
“It is an affirmative defense to a prosecution pursuant to subdivision two of this section that the defendant who sold, caused to be sold or attempted to sell such alcoholic beverage to a person less than twenty-one years old, had not been, at the time of such sale or attempted sale, convicted of a violation of this section or section 260.21 of this article within the preceding five years, and such defendant, subsequent to the commencement of the present prosecution, has completed an alcohol training awareness program established pursuant to subdivision twelve of section seventeen of the alcoholic beverage control law. A defendant otherwise qualifying pursuant to this paragraph may request and shall be afforded a reasonable adjournment of the proceedings to enable him or her to complete such alcohol training awareness program.” (Penal Law § 260.20 [emphasis added].)
It is clear that the Greene County Legislature, when it passed the Local Law, could not have considered the impact of the affirmative defense (passed in 2010) in the Penal Law of the State of New York, because the affirmative defense did not exist at the time of the passing of the Local Law in 2007. Both defendants have complied with the affirmative defense to a New York State Penal Law violation prohibiting such prosecution under identical facts. The Special Prosecutor, in his affirmation, has conceded that the “conduct charged in this case under the Penal Law and the Greene County Local Law is identical.” The purpose for which the Greene County Legislature passed Local Law No. 1 was to stop or reduce underage drinking in Greene County. The New York State Legislature saw that as the very purpose for which the affirmative defense was passed in 2010. This court concludes that, under the unique individual facts of the present case and considering all of the factors collectively as stated above, no useful purpose would be served by prosecuting defendants for the Local Law violation.
Conclusion: based upon an individual and a collective analysis of the factors required for a dismissal in the interest of justice, *940 this court finds the relief is warranted and that no useful purpose would be served in the continued prosecution of two individuals that have demonstrated their entitlement to the relief.
Therefore the charges of violation of Greene County Local Law No. 1 as to Keith Valentine and Cynthia Valentine are dismissed in the interest of justice.